
*Sept.* 9th.

Long *against* Majestre, *administratrix, &c. and*
Tardy.

Though the 54th rule of the court, (*June,* 1806,) where a *non-resident* files
a bill, requires that security for costs should be filed ; and if the solicitor for
the plaintiff proceeds without filing security, he is liable for costs to the
amount of 100 dollars; yet the court, if application for that purpose is made
in due season, that is, before the answer is put in, or the first opportunity
after the defendant knows of the fact of the non-residence of the plaintiff,
will order all proceedings to be stayed, until adequate security for costs,
that is, to a greater sum than 100 dollars, is filed by the plaintiff. In
this case, the court ordered a bond, with surety, to be executed to the de-
fendant, for 750 dollars, and filed with the register.

A RULE was granted, on the 13th of *August* last, to
show cause why proceedings should not stay until ade-
quate security for costs was filed ; on the petition and
affidavit of the defendants, that the plaintiff resided in the
kingdom of *France*, and seeks, by his bill, an account of
partnership transactions, alleged to have taken place partly
in *Europe*, and partly in the *United States*. The answer
of *Majestre*, the administratrix, had not yet been filed, and
the other defendant had demurred to part of the bill.

*Burr*, for the defendants.

*Harris*, contra.

The Chancellor. The 54th rule of this court, of *June,*
1806, requires security for costs, when a non-resident files
a bill. The extent of that security, by the plaintiff, is not
mentioned in the rule, and, of course, must be left to the
discretion of the court. But if no such security be filed, and
a solicitor prosecutes the suit, he is made responsible to the
amount of 100 dollars, and no more. This does not, how-

ever, prevent the court, in cases requiring it, from ordering security in a greater sum than what the solicitor stands charged with.    The old rule in the *English* court of chancery, where the plaintiff lived abroad, was 40*l.*; but Lord *Hardwicke* said it was too low, and the court frequently increased it upon terms; it did so in the case of *Gage* v. Lady *Stafford*, (2 *Ves.* 556.,) from 40*l.* to 300*l.*   The defendant is not bound to accept of the solicitor's security under the rule.   He is entitled to a sufficient freeholder.   The solicitor is charged, in consequence of his omission, to see that his client files the sufficient security, and to provide, in all cases of non-residence, some indemnity for costs.

If, therefore, the defendant applies in season, he is entitled to adequate security for costs.    The rule is, that he must apply before answer, and at the first opportunity, when the fact of non-residence appears upon the face of the bill; and if it does not, he must then apply as soon as the fact comes to his knowledge, which may be in any subsequent stage of the suit.  (*Meliorucchy* v. *Meliorucchy*, 2 *Ves,* 24.)

I consider the application, in this case, in season, as to the defendant *Majestre*, but not as to the other; and, consequently, the suit, as to her, must be stayed, until a bond to her, with one sufficient person, to be approved of by the register or assistant register, in 750 dollars, be executed and filed.

Rule accordingly.