1818.

GOODRICH
v.
PENDLETON.

of money requisite to enable her to make her defence. She stated, that she had three children, and had lived separate and apart from the plaintiff since 1806, and charged him with cruel usage and with adultery. She had entered her appearance to the suit this day.

---

GOODRICH, *administrator, against* PENDLETON.

A plaintiff suing, *in autre droit,* is not responsible for costs, unless under special circumstances.

The defendant is not entitled to security for costs from a non resident plaintiff, suing as *administrator*, especially after a plea.

If the non-residence of the plaintiff appears on the face of the bill, and the defendant demurs, pleads, or takes any other step in the cause, or even prays for time to answer, it is a waiver of his right to security for costs.

*October 6th.*     MOTION by the defendant, that the plaintiff, who resides in the state of *Georgia*, may give security for costs, in 500 dollars, or other sum, sufficient to indemnify the defendant, who will, necessarily, be put to very considerable expense in the defence of the suit.

*Riggs* and *Boyd,* contra, on the ground, 1. That the plaintiff sues as administrator; 2. That the defendant has already put in a plea of the statute of limitations, which has been argued and overruled, and the non-residence of the plaintiff appeared on the face of the bill. (Vide ante, p. 384. S. C.)

1818.

COOPER
v.
CLASON.

THE CHANCELLOR. Both of the objections are well taken. The plaintiff, who sues *en autre droit,* is not responsible for costs, if he fails, except under special circumstances; and he ought not to be obliged to enter into personal security, in the first instance. The defendant has, moreover, waived his right to such security by his plea. The rule is, that if the non-residence of the plaintiff appears, on the bill, the defendant waives his title to security for costs, if he takes any step in the cause, or even prays time to answer. (2 *Vesey,* 24. 10 *Vesey,* jun. 287.) In *Long* v. *Tardy,* (1 *Johns. Ch. Rep.* 202.) a demurrer by the defendant was held to be a waiver.

Motion denied.