<div style="margin-left:2em">EVANS<br>v.<br>ADAMS.</div>

---

## Evans *v.* Adams and Another.

An administrator, in the case of an appeal from a judgment against his intestate, executed an appeal-bond. The appellee obtained a judgment on the appeal, to be levied of the intestate's goods. In an action on the appeal-bond, the defendant proved that the estate, at the time of the judgment on appeal, was insolvent. *Held*, that the plaintiff could not recover.

*Quære*, whether an administrator, who appeals from a judgment against his intestate, need execute an appeal-bond; or whether such bond, if executed, be obligatory?

<div style="margin-left:2em">Saturday, May 30.</div>

ERROR to the *Owen* Circuit Court.

BLACKFORD, J.—This suit was commenced before a justice of the peace. It is founded on an appeal-bond executed by *Adams*, administrator of *Wilson*, and by *Shepherd*, conditioned for the payment of the judgment and costs, in a case in which *Adams*, administrator of *Wilson*, was plaintiff and *Evans* was defendant, should the suit be decided against the plaintiff.

There are three pleas: 1st, *nil debet;* 2dly, no consideration; 3dly, no assets.

The evidence in the cause was as follows:—1st, The appeal bond. 2dly, The record of the cause on the appeal, showing a judgment in favour of *Evans* for 69 dollars and costs,—to

be levied of the goods of *Wilson* in the hands of the adminis-trator, if the administrator had so much to be administered. 3dly, The insolvency of the estate of *Wilson* at the time of the judgment. 4thly, That the suit in which the appeal-bond was given had been commenced by *Wilson;* and that after his death, it was dismissed for the insufficiency of the appeal-bond, and was afterwards re-instated in the name of *Adams*, administrator of *Wilson*, upon the execution of the bond now in question.

The judgment of the Circuit Court, upon this evidence, was for the defendants.

The statement of this case shows, at once, that the judgment of the Circuit Court is right. The judgment in the appeal cause is not against *Adams* personally. It was, by express terms, to be of no benefit to *Evans*, unless as to the unadmin-istered goods of *Wilson;* and the proof is, that there were no such goods.

There may be some doubt whether an appeal-bond given by an executor or administrator be obligatory. The case is simi-lar to that where a bond for security for costs is required of a non-resident plaintiff; and the only ground on which such a bond is ever required of an executor, is the possibility of his becoming liable for costs *de bonis propriis.* There is a case, indeed, in which it is said that a bond for security for costs ought not to be required of a non-resident administrator. *Good-rich* v. *Pendleton*, 3 Johns. Ch. Rep. 520; but there is also a decision that a bond, in such case, should be given. *Chevalier* v. *Finnis*, 1 Brod. & Bing. 277.

There is a case in which the Court says, that an administra-tor is not obliged to execute an appeal-bond. *Jackson's* admin-istratrix v. *Henderson*, 3 Leigh, 196. The last case cited was just such a one as that in which the bond before us was re-quired. The appellant had died pending the appeal, and the suit was revived by his administratrix. The appellee then moved to dismiss the appeal, on account of the insufficiency of the appeal-bond given by the intestate. The Court overruled the motion, saying that the administrator could not be requir-ed to give security, and that the cause should proceed without a new bond, although the intestate's bond were defective. The Court mention some other objections to the dismissal, but the point as above stated is decided. If that case is correct, the bond on which the suit before us is founded, was taken

without authority and is not obligatory. That, however, is going further than we are required to go on the present occasion.

All the Circuit Court has decided is, *that on an appeal-bond of an administrator, given in an appeal from a judgment against his intestate, the administrator and his sureties are not liable de bonis propriis, where the judgment on appeal is to be levied only of the intestate's goods.* That judgment is correct.

*Per Curiam.*—The judgment is affirmed with costs. To be certified, &c.

*C. P. Hester*, for the plaintiff.
*I. Naylor*, for the defendant.