Oakley, Ch. J.
The section upon which the defendant’s counsel relies declares in terms that an executor, &c., shall not be personally liable for costs, except for mismanagement or bad faith in the action. Ho mismanagement or bad faith is imputed to this plaintiff. It is not pretended that, should he fail in the suit, it is at all probable that a judgment for costs could be obtained against him. By granting this motion, therefore, in the form in which it is made, we shall render the plaintiff personally liable for costs from which the Code declares he shall be exempt. To render him liable upon a bond or undertaking, when he cannot be rendered liable by a judgment, would be to defeat the intention of the Legislature in his favor. It would be a virtual, though indirect, repeal of the law. We are clearly of opinion, that the discretionary power which is given to the court can only be exercised when it is rendered probable, that a judgment, directing the plaintiff to pay the costs, will be given; and that the security, when required, must, in all cases, be made to depend upon the judgment,—that is, by its terms is not to be valid, unless such a judgment shall be rendered. We are also of opinion, that the security ought not to be required, even when the estate is insolvent, unless it also appears that the plaintiff is himself insolvent. When he is solvent, the judgment will be a sufficient security.
When the Legislature says that the court “ may ” exercise a certain power, the word “ may ” will, in some cases, be construed as imperative; but never when, as in the present case, *601 the words “ in its discretion ” are added. The power is then discretionary, in the fullest sense of the term. We are not prepared to say in what cases the broad discretion, which has been given to ns by the section under consideration, will be exercised; but we are satisfied that cases in which it can properly be exercised will rarely occur.
The order appealed from is' affirmed, with $10 costs to the plaintiff, to abide the event.