## SUPREME COURT.

TRUMBULL C. KIMBERLY, Receiver, &c. of The Genesee Mutual Ins. Co. agt. DUNCAN L. STEWART.

The latter clause of § 317 of the Code, authorizing the court, in its discretion, in the cases mentioned in the section, to require the plaintiff (who prosecutes in a representative capacity) to *give security for costs,* should be confined to cases of *mismanagement or bad faith* on the part of the plaintiff.

And this mismanagement or bad faith must be understood as relating to the *commencement of the action and the proceedings therein,* and not to the conduct of the plaintiff generally in the management of the trust.

*Monroe Special Term, January,* 1861.

MOTION on behalf of defendant for an order requiring plaintiff to give security for costs, &c.

The moving affidavit shows that the action was put at issue by the service of an answer to the complaint, on the 19th December, 1858, since which no proceedings have been taken therein, and that neither party has noticed the cause for trial.  It shows further, upon information and belief, that judgments for costs to a large amount, and

amounting in the aggregate to *thousands of dollars*, have been recovered against the receiver of said company, by defendants in actions which he has brought against them upon premium notes, which judgments the receiver refuses to pay, alleging he has no funds in his hands; that said receiver has at issue over one hundred actions pending in this court, brought by said Kimberly upon premium notes, and that he has no funds in his hands wherewith to pay defendant's costs in this action, or those of any of the defendants in such actions, if they succeed; that some person or persons advised and urged the commencement of such action, and advises and urges the prosecution thereof, but in such manner as to avoid liability for costs, and that deponent believes that if the defendants in such actions succeed, they will be compelled to lose their costs, and that there will be no funds in the hands of the receiver for payment of the same, and the receiver will be without funds or means to pay such costs; that plaintiff disclaims any personal liability for the costs in such actions; that since the appointment of Kimberly as receiver, several thousand dollars, and as deponent believes, over $5,000, have been collected by and paid over to H. Wilbur, Esq., the attorney for said receiver upon premium notes, but the same is retained by said Wilbur for his costs, charges and disbursements as such attorney, and that said Wilbur claims there is still a large amount due him on account of such services and disbursements; that said Kimberly has himself received but a small amount of money, has made no dividend among the creditors of said company; and of the money so paid to said Wilbur and retained by him, the said Kimberly makes no mention in his quarterly reports, which he has ceased to file in the office of the county clerk, and simply files the same and keeps the same in the office of his said attorney; that since the commencement of this suit, said Kimberly has removed from Batavia to the city of New York, where he now resides, and, as deponent

believes, he leaves the discharge of his duties as such receiver, and the management and conduct of nearly every thing connected therewith, to said Wilbur.

The action is brought upon a premium note in words and figures following : " $80.00—For value received in policy No. 4,300, dated October 9th, 1847, issued by the ' Genesee Mutual Insurance Company,' I promise to pay the said company, or their treasurer for the time being, the sum of eighty dollars, in such portions and at such time or times as the directors of said company may, agreeable to their act of incorporation, require." (Signed) " Duncan Stewart." None of these allegations or statements are controverted on the part of the plaintiff. The answer denies the allegations of the complaint, excepting the incorporation of the Genesee Mutual Insurance Company, and admits the by-laws of the company were as alleged in the complaint, and sets up in a second defence the six years' statute of limitations.

J. L. ANGLE, *for defendant.*
H. WILBUR and S. MATHEWS, *for plaintiff.*

WELLES, Justice. This case, I think, belongs to the class in reference to which provision is made by § 317 of the Code of Procedure. (*Briggs* agt. *Vandenburgh,* 22 *N. Y. R.,* 467.) The plaintiff is, by operation of law, the trustee of an express trust. (2 *R. S.,* 469, § 67 ; *Laws of* 1852, *ch.* 71, *p.* 67, § 1.) He is also expressly authorized by statute to sue. (2 *R. S.,* 469, § 68 ; *id.,* 41, § 7, *sub.* 1.) The court is authorized to require the plaintiff to give security for costs, in the cases mentioned in the section of the Code referred to. The question is, whether this is a case calling for such exercise of discretion. In *Darby* agt. *Condit,* (1 *Duer,* 599,) OAKLEY, Ch. J., in discussing this same provision of the section of the Code, says : " We are not prepared to say in what cases the broad discretion, which

has been given to us by the section under consideration, will be exercised; but we are satisfied that cases in which it can be properly exercised, will rarely occur."

There is nothing in this case tending to show that the action was wantonly or causelessly commenced or prosecuted. For aught that appears in the moving affidavit, the defendant is legally indebted for the amount claimed in the complaint. The general denial in the answer, although sworn to by the defendant, at most only off-sets against the allegations of the complaint, which is also sworn to by the plaintiff; and the question must be determined upon the affidavit upon which the motion is founded, without any reference to the pleadings, except for the purpose of seeing what are the issues in the action.

In regard to the concluding portion of the section, and upon which the motion is founded, I incline to the opinion that the cases in which the discretion in question should be exercised, are those mentioned in a previous part of the section, in which the court is authorized to direct the costs to be paid by the plaintiff or defendant personally, *for mismanagement or bad faith* in such action or defence, and that, whenever the plaintiff is shown to be guilty of mismanagement or bad faith, such as would justify the court in charging the costs of the defence upon him personally, it would be the duty of the court, on motion pending the action, to require the plaintiff to give the security contemplated in the last clause of the section.

To recur to the facts alleged in the affidavit, which are claimed to be sufficient grounds to require the plaintiff to give the security in question. They are, first, that judgments for costs to the amount of thousands of dollars have been recovered against the receiver of the company, by defendants in other actions brought by the receiver against them on premium notes, which the receiver refuses to pay, alleging he has no funds in his hands for that purpose. This fact, it seems to me, is not entitled to any considera-

tion in favor of this defendant on the present motion. If the fact be so, it is a reason why the defendant should be required to pay the demand for which he is prosecuted, provided he is legally liable to pay it, which cannot be tried on this motion. The second fact alleged is, that the receiver has now at issue over one hundred actions pending in this court, brought by him on premium notes, &c. It is not shown that these actions were improperly brought or prosecuted, nor but that the several defendants, including the defendant in this case, ought to pay the several notes upon which they are prosecuted.

The allegation in the affidavit, that some person or persons urged the commencement and prosecution of the actions before mentioned, in a manner to avoid liability for costs, &c., is equally wanting in significance upon the merits of this question.

That the receiver disclaims personal liability for costs in case the defendants in said actions shall succeed in their defences, is merely the assertion of a legal truism, unless he be convicted of mismanagement or bad faith. His disclaimer could not alter the result in any event.

If the attorney for the plaintiff has received the sum alleged in the affidavit, on premium notes, and refuses to pay them over for the reason imputed to him, it is not shown nor alleged that he retains the money wrongfully. If he has no right to retain it, the law provides ways for calling him to account, and there is no intimation of his inability to pay anything he may be legally required to pay. But over and above all this, it is a question that the defendant is not shown to have any vested interest in—any supposable interest he may have is contingent, depending upon his ultimate success in the action, and upon the final deficiency of the fund or assets of which the receiver is the trustee. In no possible aspect do any of these considerations affect the questions of good or bad management, or good or bad faith on the part of the plaintiff in the action.

The *bad faith* and *mismanagement* mentioned in the sec-
tion, are to be understood as relating to the commencement
of the action and the proceedings therein, and not to the
conduct of the receiver generally in the management of
the trust.   And this is a conclusive answer to all the re-
maining allegations in the affidavit.   I am therefore of the
opinion, that the motion should be denied, with $7 costs.