## LEAZAR *v.* COTA.

A new indorser will not be ordered by reason of the poverty of the plaintiff and of his next friend, if both are residents of the State.

THE plaintiff, Sarah Leazar, is an infant under twenty-one years of age, and Frank Leazar, who brings this suit as her next friend, is destitute of property, and irresponsible.   The writ is indorsed by Sarah Leazar and Frank Leazar.   At this term the defendant, upon proof of the irresponsibility of Frank Leazar, moved the court that the plaintiff be ordered to furnish a new indorser, which motion the court granted, subject to the plaintiff's exception.

*Morris,* for the plaintiff.

*Blaisdell,* for the defendant.

BELL, C. J.   By the statute, original writs must be indorsed "by the plaintiff, his agent, or attorney, being an inhabitant of the State;

if the plaintiff is not an inhabitant of this State, by some responsible person who is an inhabitant."

By the construction always given to this statute, if the plaintiff is an inhabitant of the State, his indorsement, or that of his attorney or agent, is sufficient without reference to their responsibility. A different rule would operate as a denial of justice to every one who had the misfortune to be poor. The next friend, guardian, &c., who prosecutes in behalf of a minor, has always been deemed the party, or agent of the party, for this purpose.    *Crossen* v. *Dyer,* 17 Mass. 222.

The rule that a resident plaintiff, though insolvent, can not be required to furnish a new indorser, has been held subject to exceptions, none of which apply in this case.

1. If a resident plaintiff removes from the State, pending the suit, it is customary, upon a seasonable application, to order security for the costs.

2. If the plaintiff is not the party in interest, but the suit is prosecuted for the benefit of a third person, security for costs is usually ordered, if seasonably asked.    *Gookin* v. *Upham,* 21 N. H. 38.

3. If the plaintiff is in default, and obliged to apply to the court to be relieved, the court, in the exercise of their discretion, may order such security as terms of the relief.    *Senter* v. *Carr,* 15 N. H. 380.

4. If a third person has leave to prosecute or defend an action, he is required to give security to pay all costs of his interference to both parties.    *Carleton* v. *Patterson,* 29 N. H. 586;  *Holland* v. *Seaver,* 21 N. H. 388.

If a writ is not properly indorsed, the defendant must make his objection at the first term, otherwise it will be deemed waived. *Carpenter* v. *Aldrich,* 3 Met. 58;  *Gilbert* v. *Nantucket Bank,* 5 Mass. 97;  *Whiting* v. *Hollister,* 2 Mass. 102;  *Ripley* v. *Warren,* 2 Pick. 592, 595;  *Hanson* v. *Hoitt,* 14 N. H. 56;  *Foss* v. *Strafford,* 25 N. H. 78;  *Goodrich* v. *Pendleton,* 3 Johns. Ch. 520.    By the case it does not appear when the action was entered, but the record shows it had been entered at a previous term, and this motion is stated in the case to have been made at the term of the transfer.

It is suggested in the argument that the court, in their discretion, may remove a next friend, or require another person to be substituted, and that such a power is indispensable for the safety of the minor's rights; and we have no doubt that the court may, on application of the minor or his friends, or on its apparent propriety, make any order which seems necessary for the security of the minor's rights.    *Fulton* v. *Roosevelt,* 1 Paige 178.

But this is not an application for the security of the infant, but for the benefit of the defendant, which presents a very different question. Without doubt the court would interfere, even on motion of the defendant, on suggestion of want of good faith in the *prochein ami,* but we think not upon the suggestion that the plaintiff and next friend were poor.    See 1 Paige 178, and cases cited.

*Exceptions sustained.    Motion denied.*