Sheldon, J.
The action was commenced by service of summons and complaint; and the motion papers show that the plaintiff is the administrator of one Pearson, who was not, at the time of his decease, a resident of this State. Letters of administration were granted by the surrogate of Erie county, and upon the plaintiff receiving the contract stated in the complaint, he instituted this action. The defendant, as well as the administrator, reside in Buffalo.
It is claimed by the defendant, that the matters re *186 lied upon make a case in which the court, in the exercise of the discretion committed to it by section 317 of the Code, should require the plaintiff to give security for costs.
bio pretense has been made that there has been any mismanagement or bad faith in the action by the administrator. He has just commenced the action, which is not yet at issue, and produced in court the assignment of the contract from the former holders of it to him as administrator, and before the commencement of the action, sufficiently meeting the allegations in the moving papers, that another party, who was a nonresident, was, in fact, the owner of it. Had these allegations not been met, it might have been a case calling for the exercise of the discretion now invoked.
Upon the case as now presented, I think the motion must be denied. This court is bound to give full faith to the appointment of the administrator; and, being duly appointed, he is administrator of the whole estate. For all that appears, he has in his hands all the property that is the subject of administration. That the deceased, or his widow, or next of kin, are nonresidents, cannot affect the merits of the motion. The plaintiff is the only known representative of the estate, and is entitled to reduce to possession the whole personalty, and can be held to a strict account if he does not do so. In his capacity as administrator, he has received the instrument and demand upon which the action is brought, and if he should be compelled now to file security for costs before he can proceed, it might amount to a denial of justice.
I think the discretion allowed to be exercised by the statute, has been rarely sought for. In Darby v. Condit (1 Duer, 599; S. C., 11 N. Y. Leg. Obs., 154), Ch. J. Oaklet, in discussing this provision, says :—
“We are not prepared to say in what cases the broad discretion which has been given to us by the section *187 under consideration, will be exercised ; but we are satisfied that cases in which it can be properly exercised, will rarely occur.”
Indeed, it has been held by one of the most excellent special term judges of the supreme court, the late Mr. Justice Welles, that the cases in which the discretion in question should be exercised, are those mentioned' in the previous part of the section, in which the court is authorized to direct the costs to be paid by the plaintiff or defendant personally, for mismanagement or bad faith in the action or defense (Kimberly v. Stewart, 22 How. Pr., 281). I see no reason to dissent from his opinion. Should it, at any time during the progress of the case, be made to appear that the administrator was acting in bad faith or guilty of mismanagement, it would be the duty of the court, on motion pending the action, to require him to give the security contemplated by the last clause of the section.
The motion is denied, but without prejudice to the right of making a new motion, when the defendant may be advised so to do, and, under the circumstances of the case as made in the motion papers, I think the defendant ought not to be charged with costs of opposing the motion.