CYNTHIA A. TOLMAN as Administratrix, etc., Respondent, *v.* THE SYRACUSE, BINGHAMTON AND NEW YORK RAILROAD COMPANY, Appellant.

Where an order of Special Term recited that it was made "on reading and filing the decision of the court," referring to an opinion which was the only decision filed, and the minutes of the General Term on affirmance of such order stated that it was affirmed on opinion of the judge at Special Term, *held*, that the opinion was thus made part of the record and could be referred to to ascertain the grounds of the decision; and, it appearing therefrom that the decision was based upon the ground of a want of power, *held* that the order, although a discretionary one, was reviewable here.

Under the provision of the Code of Civil Procedure (§ 3271) giving to the court discretionary power to require the plaintiff in an action brought by or against an executor, administrator, etc., in his representative capacity, to give security for costs, the court has power to require such security of one bringing suit in such capacity, although there is no evidence of mismanagement or bad faith, and aside from the question of his personal liability for costs as prescribed by the Code (§ 3246).

*Darby* v. *Condit* (1 Duer, 599), overruled.

SICKELS — VOL. XLVII.        45

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made January 9, 1883, which affirmed an order of Special Term denying a motion on behalf of defendant, that plaintiff be required to file security for costs.

*Louis Marshall* for appellant.    This court will, upon appeal, review the determination of the courts below even upon a discretionary order where it appears that the decision was based on the ground of a want of power to grant the application. (*Tilton* v. *Beecher*, 59 N. Y. 176; *Beech* v. *Chamberlain*, 3 Wend. 366; *Russell* v. *Conn*, 20 N. Y. 81; *Tracy* v. *Altmeyer*, 46 id. 598; *Brown* v. *Brown*, 58 id. 609; *Allen* v. *Meyer*, 73 id. 1; *Matter of Duff*, 41 How. 350; *Eq. L. Ass. Co.* v. *Stevens*, 63 N. Y. 341; *Dunlop* v. *F. Ins. Co.*, 74 id. 145; *Jamison* v. *Citizens' Savings B'k*, 85 id. 546; *Matter of Atty.-Gen.* v. *Cont. L. Ins. Co.*, 88 id. 77; *Salmon* v. *Gedney*, 75 id. 481; *Hewlett* v. *Wood*, 67 id. 399.)    The Supreme Court has the statutory power of requiring security for costs to be given in any one of the cases specified in section 3271 of the Code of Civil Procedure, even in the absence of evidence of mismanagement or bad faith, and independent of the question of personal liability.    (*More* v. *Durr*, 45 N. Y. Supr. Ct. 154; *Reade* v. *Waterhouse*, 52 N. Y. 587.)    The exercise of the power to require security for costs rests in the discretion of the Supreme Court.    (*Briggs* v. *Vanderbergh*, 22 N. Y. 467; *Gedney* v. *Purdy*, 47 id. 676; Code of Civil Pro., § 3271; *Murphy* v. *Travers*, 60 How. Pr. 301.)

*C. V. Kellogg* for respondent.    The court will not require security for costs to be filed, except for mismanagement or bad faith in commencing or prosecuting this action.    (*Darby* v. *Condit*, 1 Duer, 509; *Norris* v. *Greed*, 1 Sheldon, 27; *S. C.*, 12 Abb. Pr. [N. S.] 185; *Wilbur* v. *White*, 56 How. 321–2; *Kimberly* v. *Stewart*, 22 id. 443; *Ryan* v. *Potter*, 4 Law Bulletin, 62; Code Civ. Pro., vol. 2, p. 33; *Sheppard* v. *Burt*, 3 Duer, 645; *Hall* v. *Waterbury*, 5 Abb. N. C.

356.) The court will not require security for costs merely upon the ground that the estate which an executor or administrator represents has no funds except the claim in litigation. (*Darby* v. *Condit*, 1 Duer, 599; *Ryan* v. *Potter*, 4 Law Bulletin, 62; *S. C.*, Code Civ. Pro., vol. 2, p. 33.) If this court should be of the opinion that the court of original jurisdiction has not exercised its discretion, and should have exercised such discretion, and either require security to be filed or not, then the respondent claims that the motion should have been denied. (*Putnam* v. *N. Y. C. & H. R. R. R. Co.*, 16 N. Y. W'kly Dig. 114; *Earnst* v. *H. R. R. Co.*, 33 N. Y. 9; *Renwick* v. *N. Y. C. & H. R. R. R. Co.*, 36 id. 132; *Kellogg* v. *N. Y. C. & H. R. R. R. Co.*, 79 id. 72; *Massoth* v. *N. Y. C. & H. R. R. R. Co.*, 64 id. 524; *Roach* v. *Flushing, etc., R. R. Co.*, 58 id. 626; *Smedis* v. *Brooklyn & R. B. R. R. Co.* 32 Hun, 279; 88 N. Y. 13; *Waldile* v. *N. Y. C. R. R. Co.*, 19 Hun, 69, 72–3; *Johnson* v. *Hudson R. R. Co.*, 20 N. Y. 65.) The order appealed from is not appealable. It is a discretionary order, and not reviewable here. (*Gedney* v. *Purdy*, 47 N. Y. 676; *Cushman* v. *Brunditt*, 50 id. 296; *Paul* v. *Munger*, 47 id. 469; *People* v. *Schoonmaker*, 50 id. 499.)

MILLER, J. This is an appeal from an order of the General Term, affirming an order of the Special Term, denying a motion to compel the plaintiff to file security for costs. It appears from the opinion of the judge at Special Term that the motion was denied upon the sole ground that a case did not arise under section 3271 of the Code of Civil Procedure for the court to exercise its discretion in requiring security for costs, unless it appeared from the papers presented that the court would be likely at the proper time to require the plaintiff to pay costs for mismanagement or bad faith in the prosecution of the action under section 3246. The minutes of the General Term show that the order was affirmed on the opinion of the judge at Special Term, and the order entered states that fact. It thus appears that only a single question was decided

at the General Term, as the courts below refused to exercise their discretion, upon the sole ground that they did not possess the power to do so unless a case was made out under secsion 3246 of the Code of Civil Procedure. We think the order is reviewable on this appeal. This court will review upon appeal the determination of the courts below, even upon a discretionary order where it appears that the decision was based on the ground of a want of power to grant the application. (*Tilton* v. *Beecher*, 59 N. Y. 176; 17 Am. Rep. 337; *Russell* v. *Conn.*, 20 N. Y. 81; *Tracey* v. *Altmyer*, 46 id. 598; *Brown* v. *Brown*, 58 id. 609; *Allen* v. *Meyer*, 73 id. 1.)

The order at Special Term recites that it is made " on reading and filing the decision of the court," thus referring to the opinion which was the only decision made and which forms a part of the record. The order is not intelligible without reading the opinion, and it constitutes a part of the record, as much as the affidavits and notice of motion which are referred to in the earlier part of the order, and shows that the motion was denied upon the grounds stated in the opinion. The order of the General Term is also very specific and expressly states that the order of the Special Term was affirmed upon the opinion of the judge at such term.

In view of these facts we think the opinion must be considered as a part of the several orders referred to and as incorporated therein. There can be no doubt, therefore, as to the ground upon which the decision was based. While the opinion cannot ordinarily be referred to to show the ground upon which an order is made, this case is not brought within any such rule. The reason for the rule is, it forms no part of the record, and, therefore, cannot be referred to to explain the meaning of the record. (*Salmon* v. *Gedney*, 75 N. Y. 481.) Here the opinion constitutes an important and material part of the record and is expressly referred to in the orders.

The order not being discretionary, and the motion being disposed of for want of power, we are called upon to consider whether the courts committed an error in denying the motion

upon the grounds stated. We think that the Supreme Court had the power to require security for costs under section 3271 of the Code of Civil Procedure, even although there was no evidence of mismanagement or bad faith and aside from the question of personal liability.

The provisions of the Code relating to the subject are sections 3246 and 3271, and each is independent of the other and contained in different titles and separated from each other by other provisions which do not bear any special relation to the subject-matter of the sections cited. The former section, 3246, relates to the awarding and enforcement of the payment of costs, and the latter section, 3271, to security for costs. Neither one refers to the other and it does not appear that they are in any way connected. It is only by inference that it can be claimed that the latter section is controlled or limited by the former. Section 3246 provides that, "In an action by or against an executor or administrator in his representative capacity, or the trustee of an express trust, or a person expressly authorized by statute to sue or be sued * * * costs are exclusively chargeable upon and collectible from the estate, fund or person represented, unless the court directs them to be paid by the party personally for mismanagement or bad faith in the prosecution or defense of the action." This section is applicable to both plaintiffs and defendants acting in a representative capacity, and it also refers to costs in a final judgment rendered in an action. Section 3271 provides that, "In an action by or against an executor or administrator in his representative capacity, or the trustee of an express trust, or a person expressly authorized by statute to sue or to be sued, or by an official assignee, the assignee of a receiver, or the committee of a person judicially declared to be incompetent to manage his affairs, the court may, in its discretion, require the plaintiff to give security for costs." This section refers to three classes of parties not included in section 3246, viz.: First, an official assignee; second, the assignee of a receiver, and third, the committee of a person judicially declared to be incompetent to manage his affairs. The effect of construing the two sections together

would be to apply the condition of section 3246 to these cases, which could not have been intended. Section 3271 is applicable to plaintiffs alone, without regard to the question whether they act in a representative capacity or not. There is no ground for claiming that the plaintiff could not be compelled to give security for costs unless the court would require him to pay them personally on the ground of bad faith or mismanagement. The term "mismanagement," under section 3246, could have no meaning when applied to a person not acting in a representative capacity. Section 3271 declares the terms upon which security may be required and the limitation placed upon the right to impose it, which is in the discretion of the court. The meaning of the section last cited is very manifest, and it would be going very far to hold that it is directed and controlled by a previous section with which it has no distinct connection and which cannot affect it except by a constrained construction. Section 3271 refers to a proceeding during the pendency of an action, while, as we have seen, section 3246 has reference to costs in the final judgment.

We think these sections very evidently are to be construed separately and independently of each other; they apply to different cases, and upon no sound principle can it be held that section 3271 is to be limited in its operation by section 3246. Some authorities are cited and relied upon to sustain the position contended for by the respondent's counsel, and the principal case referred to is that of *Darby* v. *Condit* (1 Duer, 599), which has been followed by several decisions at Special Term. This case is claimed by the appellant's counsel to be overruled by a decision in the same court in *More* v. *Durr* (45 N. Y. Super. Ct. 154) and a contrary rule laid down. Without considering the question whether there is a conflict in these decisions we cannot resist the conclusion that the case of *Darby* v. *Condit* (*supra*) is not a well-considered case and should not be followed.

We do not deem it necessary to examine more at length the authorities cited in this connection, and we are satisfied that,

under a fair construction of the sections cited, both the Special and General Terms erred in their decision.

The orders of the Special and General Terms should, therefore, be reversed, without costs, and the proceeding remitted to be heard at Special Term that its discretion may be exercised upon the merits.

All concur, except RUGER, Ch. J., who did not sit.

Ordered accordingly.