## McDOUGAL *v.* GRAY *et al.*

*(Supreme Court, Special Term, Tioga County.* October, 1888.)

COSTS—SECURITY—NON-RESIDENT—EXECUTOR.

Code Civil Proc. § 3268, provides that the defendant may require security for costs where the plaintiff is a non-resident. By section 3270, where there are two or more plaintiffs, security cannot be required unless it can be required of all. By section 3271, in actions by or against an executor suing in his representative capacity, the court may in its discretion require plaintiff to give security. *Held*, that in an action by a non-resident executor appointed in this state, suing individually and as executor, it is improper to order security for costs *ex parte*, as the executor's non-residence is no ground for requiring security of him.

Action by George McDougal, individually and as executor, against Gray and others, to construe a will. Plaintiff moves to vacate an *ex parte* order requiring him to give security for costs because of his non-residence. Code Civil Proc. § 3268, provides that the defendant may require security for costs to be given in an action commenced by a person residing out of the state. Section 3271 provides that, in an action by or against an executor in his representative capacity, the court may, in its discretion, require the plaintiff to give security for costs.

*Morse & Knipp*, for plaintiff. *H. H. Rockwell*, for defendants.

SMITH, J. This action was brought to construe a will. Some of the defendants procured an order *ex parte* that the plaintiff give security for costs. This is a motion to vacate that order. The plaintiff appears in the complaint both individually and as executor. The case, therefore, stands as though there were two plaintiffs,—one, the individual; the other, the executor. If security for costs can be obtained in such a case, under section 3268 of the Code, then the order was properly granted *ex parte*. If security from a non-resident executor, however, can only be obtained under section 3271, then the order could only be granted by the court, and was improperly granted, inas-

---

[1] That money voluntarily paid under mistake of law, but with full knowledge of all the facts, cannot be recovered back, see Railway Co. v. Iron Co., (Ohio,) 18 N. E. Rep. 486; Erkens v. Nicolin, (Minn.) 40 N. W. Rep. 567, and note.

much as, under section 3270, security for costs cannot be required under section 3268, unless it can be required from both plaintiffs. The question, then, resolves itself into the single question: An executor, non-resident, appointed within this state, brings an action againt a resident defendant. Can he be required to give security for costs, under section 3268? He is not personally liable for costs, except where guilty of misconduct or bad faith. The estate which he represents is within the control of the courts of this state. His non-residence is, therefore, not any reason for requiring security for costs. *Hall* v. *Waterbury*, 5 Abb. N. C. 356. The motion to vacate the order must therefore be granted, with $10 costs.