### TEEL *v.* YOST.

*(Superior Court of New York City, Special Term.* April 1, 1889.)

·COSTS—SECURITY—NON-RESIDENTS—DISCRETION OF COURT.

    Under Code Civil Proc. N. Y. § 3268, providing that defendant may require security for costs of a non-resident, it is within the discretion of the court to refuse to require such security where defendant has transferred his property with the intent to defraud his creditors, and the application is made for purposes of delay.

In an action on a bond and ·mortgage brought by Lewis M. Teel against Abraham Yost, defendant moves to compel the plaintiff to furnish security for costs under Code Civil Proc. N. Y. § 3268, providing that defendant, in an action brought in a court of record, may require security for costs, where the plaintiff was, when the action was commenced, a person residing without the state. It appeared that the defendant made the application for purposes of delay, and had transferred all his real estate to his son for the purpose of defrauding his creditors. For former report see *ante,* p. 5.

*Samuel Blythe Rogers*, for plaintiff.   *Lemuel Skidmore*, for defendant.

O'GORMAN, J.   This is a motion on the part of the defendant, who has answered in the action for security for costs under section 3268, etc., of the Code of Civil Procedure.   This is an action on a written agreement, executed in Pennsylvania, and, under the laws of that state, entitled to be regarded as an instrument under seal.   Whether it should be so regarded for the purposes of this action, and whether the action is or is not barred by the statute of limitations, will probably be the main issues to be tried.   The granting the defendant's motion is within the discretion of the court, and in this case the motion should, in my opinion, be denied.   *Todd* v. *Marsily*, 7 N. Y. St. Rep. 872; *Churchman* v. *Merritt*, 15 Civil Proc. R. 245, 2 N. Y. Supp. 843; *Stevenson* v. *Railroad Co.*, 1 N. Y. Supp. 670.