FAGAN *v.* STRONG.

*(Supreme Court, Special Term, New York County. August 2, 1890.)*

**1. COSTS—SECURITY FOR—WHEN REQUIRED—LACHES.**

An action was brought on February 1, 1889, and was twice heard on demurrers interposed by defendant. Judgment was entered on February 21, 1890, dismissing the complaint, and an appeal therefrom was afterwards dismissed. On July 1, 1890, the judgment was set aside, and plaintiff was allowed to file an amended complaint. Plaintiff had paid in all about $115 costs. *Held,* that defendant was guilty of such laches as would deprive him of his right to require security for costs.

**2. SAME—ACTION BY ADMINISTRATOR.**

Security for costs will not be required in an action by an administrator, where the action is prosecuted in good faith, though the estate is insolvent; Code Civil Proc. N. Y. § 3271, declaring that the court may in its discretion require security in such cases.

At chambers. Action by Anne Fagan as administratrix, etc., against W. E. Strong, to recover damages for the death of plaintiff's intestate, (her son.) The death was caused by intestate's being struck by a beam of defendant's

Sup. Ct.] FAGAN *v.* STRONG. 767

carriage-shed while driving a load of funiture which he was moving for defendant under the shed. Defendant moves that plaintiff be *required to give security for costs.* For opinion on demurrer, see 7 N. Y. Supp. 919. Code Civil Proc. N. Y. § 3271, is as follows: "In an action brought by or against an executor or administrator, in his representative capacity, or the trustee of an express trust, or a person expressly authorized by statute to sue, or to be sued, or by an official assignee, the assignee of a receiver, or the committee of a person judicially declared to be incompetent to manage his affairs, the court may, in its discretion, require the plaintiff to give security for costs."

*Marbury & Fox,* for defendant and motion. *James A. O'Gorman,* for plaintiff, opposed.

ANDREWS, J. It is not matter of right that an order should be made requiring the plaintiff to give security for costs. The application is addressed to the discretion of the court. Code Civil Proc. § 3271. It has also been held in a number of cases that an administratrix should not be required to give security for costs if the action is prosecuted in good faith, even though the the estate be insolvent. *Wassinger* v. *Fennell,* 13 Civil Proc. R. 286; *Ryan* v. *Potter,* 4 Civil Proc. R. 80; *Healy* v. *Railroad,* 1 Civil Proc. R. 15; *Darby* v. *Condit,* 1 Duer, 599; *Shepherd* v. *Burt,* 3 Duer, 645. It has been repeatedly decided that a party desiring security for costs must move at the earliest opportunity. *Buckley* v. *Manufacturing Co.,* 3 Civil Proc. R. 428; *Lewis* v. *Farrell,* 46 N. Y. Super. Ct. 358; *Weil* v. *Freund,* 2 Law Bull. 48; *Wolf* v. *Railroad Co.,* 2 N. Y. Supp. 789; *Gifford* v. *Rising,* 15 N. Y. St. Rep. 597; *Gedney* v. *Purdy,* 47 N. Y. 676; *Teel* v. *Yost,* 5 N. Y. Supp. 777; *Abell* v. *Bradner,* 3 N. Y. Supp. 20; *Goodrich* v. *Pendleton,* 3 Johns. Ch. 520. The defendant in this case not only did not move for security at the earliest opportunity, but has been guilty of such great laches that it would now be manifestly unjust to compel the plaintiff to give such security. The action has been pending since February 1, 1889. There have been two trials at special term on issues of law raised by demurrers interposed by the defendant; and the defendant has examined before trial and taken the deposition of one of his witnesses. Judgment was also entered on February 21, 1890, dismissing the complaint, and an appeal from such judgment has been dismissed. On July 1, 1890, the judgment was set aside, and plaintiff allowed to serve a further amended pleading on terms which have been complied with. Plaintiff has paid in all $115 costs. Even in cases where the right to security for costs is absolute and does not rest in the discretion of the court, it will be lost by delay in making the application. It has been so held where a party applying for security had pleaded or obtained an extension of time which stipulated to take short notice of trial, or delayed to move until the case was on the calendar and proceeded to trial. I cannot attempt to decide on this application whether the plaintiff has a good cause of action. Counsel for the defendant claims that plaintiff cannot possibly succeed, because the action was not brought within 12 months. Counsel for the plaintiff contends that the provisions of the New Jersey statutes requiring suit to be brought within twelve months has no application where the action is prosecuted in the courts of this state, and that that point has been decided favorably to the contention of the plaintiff in *Leonard* v. *Navigation Co.,* 84 N. Y. 48. It is not necessary, nor would it be proper for me, on this motion, to attempt to pass on this question under the decisions. The application is too late, and the motion must be denied, with $10 costs to abide the event of the action.