### CACCAVO v. ROME, W. & O. R. Co.

(*Superior Court of New York City, General Term.* March 2, 1891.)

SECURITY FOR COSTS—ACTION BY ADMINISTRATOR.

Under Code Civil Proc. N. Y. § 3271, providing that, in an action by or against an administrator in his representative capacity, the court may, in its discretion, require the plaintiff to give security for costs, where it appears that intestate left no estate, that letters were taken out only to prosecute a claim for damages in causing his death, that plaintiff is not pecuniarily responsible, and the complaint is made out on information and belief, and the sources of information not given, and affidavits are presented showing that intestate's death was caused by his own negligence, a proper case is made out for the exercise of the court's discretion.[1]

Appeal from special term.

Andrea Caccavo, as administrator, sued the Rome, Watertown & Ogdensburg Railroad Company for causing the death of his decedent, and appeals from an order compelling him to furnish security for costs.

Argued before SEDGWICK, C. J., and TRUAX and DUGRO, JJ.

*Edward J. McGuire,* for appellant. *Thomas Spratt,* for respondent.

DUGRO, J. This is an appeal from an order requiring the plaintiff to file security for costs. By section 3271, Code Civil Proc., it is provided that, in an action brought by or against an administrator in his representative capacity, the court may, in its discretion, required the plaintiff to give security for costs. In the present case the court did so require, and upon this appeal the only question presented is whether any grounds existed for the exercise of a discretion. In order to determine this question, it is well to inquire into the general principles upon which the Code provisions as to security for costs were based. It seems to have been deemed wise by the codifiers to assume the pecuniary responsibility of plaintiffs, except in certain specified cases where, from the nature of the case, irresponsibility was apparent, or deemed proper to be assumed. In the excepted cases the plaintiffs were required by the Code provisions to give security for costs, for instance, as of the class first referred to,—an infant whose guardian *ad litem* had not given security; and in the second class, among others, non-residents and foreign corporations. When irresponsibility was certain, security was generally required; the right of application for leave to sue *in forma pauperis,* however, being accorded. In a case such as the present, it seems in harmony with the policy adopted by

[1] See note at end of case.

the codifiers to assume the responsibility of the plaintiff.   If irresponsibility is, however, conceded, it would naturally follow that this circumstance would suffice to make a *prima facie* case for the requirement of security.   It may be sufficient to meet this case that an administrator satisfy the court that he has a good cause of action.   In the case presented sufficient appears to make it unnecessary to pass upon the question above referred to.   It seems that the allegations of the complaint are upon information and belief, and that the court was not informed of the sources of the information.   This fact, in view of the specific statements in the affidavits submitted on behalf of the defendant as to the circumstances of the accident, supplied sufficient ground for the exercise of discretion by the learned judge below. ·  Upon the concession of pecuniary irresponsibility, it certainly became the duty of the plaintiff, upon the motion, to satisfy the court that he had a good cause of action, and this, it must be assumed, he failed to do.   Order affirmed, with $10 costs.   All concur.

## NOTE. ·

SECURITY FOR COSTS—ACTION BY ADMINISTRATOR.   In Darby v. Condit, 1 Duer, 599, on motion to require an administrator to give security for costs, the court said: "We are clearly of opinion that the discretionary power which is given to the court can only be exercised when it is rendered probable that a judgment directing the plaintiff to pay the costs will be given, and that the security, when required, must in all cases be made to depend upon the judgment,—that is, by its terms is not to be valid unless such a judgment shall be rendered.   We are also of opinion that the security ought not to be required, even when the estate is insolvent, unless it appears that the plaintiff is himself insolvent."   And it was said in Norris v. Breed, 12 Abb. Pr. (N. S.) 185, that an administrator, who was appointed in the state, and who resides within the jurisdiction of the court, would not in general be required to give security, in the absence of misconduct or bad faith.

This discretion is properly exercised in requiring security for costs, where plaintiff is the attorney in fact of a foreign executrix, and was appointed administrator for the sole purpose of bringing the action.   Carney v Bernheimer, 12 Wkly. Dig. 91.   But it was held in Fessenden v. Blanchard, 1 N. Y. Supp. 105, that an order to compel an ancillary administrator to give security for costs is properly denied, where he has given security for the faithful performance of his duties, and the claim sued on is meritorious on its face, though it is the only assets of the estate in New York, and all persons interested in the estate reside outside of the state.   And furthermore, as the Code places the requirement of security for costs in an action by an administrator within the discretion of the court, and as he is not personally liable for costs except in case of misconduct or bad faith, defendant is not entitled to require security, under section 3268, simply because plaintiff administrator is a non-resident.   McDougal v. Gray, 4 N. Y. Supp. 74.

—— DEATH BY WRONGFUL ACT.   As to actions for the death of plaintiff's intestate, resulting from defendant's negligence or other wrongful act, it was remarked in Koch v. Keller, 2 Law Bull. 90, that the requirement of security for costs therein would in most cases put an end to their prosecution.   Where the action is brought and prosecuted in good faith by the administrator for the death of his intestate, the court should not require security for costs simply because the estate has no assets other than the claim in suit, even though it be insolvent.   Darby v. Condit, 1 Duer, 599; Shepherd v. Burt, 3 Duer, 645; Healy v. Railroad, 1 Civil Proc. R. 15; Ryan v. Potter, 4 Civil Proc. R. 80; Wassinger v. Fennell, 13 Civil Proc. R. 286; Fagan v. Strong, 11 N. Y. Supp. 766.   And the fact that the administrator is the only next of kin to the intestate does not alter the rule.   Wassinger v. Fennell, supra.

—— REVIVAL OF ACTION.   The section requiring an executor or administrator to give security for costs has no application to an action begun by decedent and revived in favor of his personal representatives.   Sullivan v. Machine Co., 27 Hun, 270.

—— ACTIONS AGAINST ADMINISTRATORS.   Plaintiff, in an action against administrators, will be required to give security for costs, where it is shown by affidavit that he is pecuniarily irresponsible, though he may be prosecuting his action in good faith.   Murphy v. Travers, 60 How. Pr. 301.

—— TIME OF APPLICATION.   It is uniformly held that the party desiring security for costs must make application therefor at the earliest opportunity; and defendant's laches will bar his right to require security from an administrator, where he does not move for it until after there have been two trials on issues of law raised by his own demurrers, and the complaint has been dismissed, but the dismissal afterwards set aside, with leave to amend.   Fagan v. Strong, 11 N. Y. Supp. 766.