BARNES v. SELIGMAN et al.

(Supreme Court, General Term, Second Department. February 13, 1893.)

SECURITY FOR COSTS—WHEN DENIED.

In an action against an executor for specific performance of a contract, an order denying an application, made under Code Civil Proc. § 3271, (relating to actions against executors, etc.,) to compel plaintiff to give security for costs, will not be disturbed on appeal where it appears that, in a former action by plaintiff against defendant for damages for breach of the same contract, defendant recovered judgment against plaintiff for costs, which was modified by the court of appeals, and execution returned unsatisfied, though plaintiff claimed to be solvent, and the parties differed as to the effect of the decision of the court of appeals, but no case or opinion in the court of appeals is presented in the record.

Appeal from special term, Dutchess county.

Action by Oliver W. Barnes against James Seligman and others, executors, to compel the specific performance of a contract to deliver railroad stock. A motion to compel plaintiff to give security for costs was denied, and defendants appeal. Affirmed.

Plaintiff had previously brought an action at law for damages for breach of the same contract on which the present action is based, and obtained two judgments therein for costs, and executions issued thereon were returned unsatisfied.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Seligman & Seligman, (George W. Seligman, of counsel,) for appellants.

Ira Lee Bamberger, (Mitchell May, of counsel,) for respondent.

BARNARD, P. J. This action is brought against the executors of Joseph Seligman, deceased, and George H. Brown. The allegations of the complaint therein are that the deceased, Mr. Seligman, in his lifetime, and George H. Brown, agreed to deliver, for value, to the plaintiff, 2,000 shares of the full-paid stock of the New York City Central Underground Railway Company. The relief sought is a specific performance of the contract. The executors have not yet made an answer to the complaint. This motion is made to compel the plaintiff to give security for costs, under section 3271 of the Code.[1] The motion was denied at special term. The papers do not show any abuse of the discretion of the court. Brown is insolvent. There has been a previous action between the same parties, resulting in a judgment in favor of the defendants. The judgment was modified at general term, (8 N. Y. Supp. 834,) and again in the court of appeals, (29 N. E. Rep. 760,) but judgment still remains against the plaintiff for $1,361.51, with $117.46 costs. This judgment is unpaid, but the surety on appeal is good. The execution therein against Barnes was returned unsatisfied,

---

[1] Code, § 3271, provides that in actions brought by or against an executor or administrator in his representative capacity, or the trustee of an express trust, or a person expressly authorized by statute to sue or to be sued, or by an official assignee, the assignee of a receiver, or the committee of a person judicially declared to be incompetent to manage his affairs, the court may, in its discretion, require the plaintiff to give security for costs.

but Barnes asserts that there is no other judgment against him, and that he is perfectly solvent. The parties differ as to the tenor and effect of the decision of the court of appeals. Barnes says that the decision was to the effect that Seligman and Brown had fraudulently issued stock to Barnes. The attorney for Seligman denies this, but no case or opinion in the court of appeals is presented. The section 3271 permits the court, in its discretion, to compel the plaintiff to file security for costs, and this power exists without proof of mismanagement or bad faith. Tolman v. Railroad Co., 92 N.. Y. 353. There being proof of a doubt as to plaintiff's insolvency, and the exact decision of the court of appeals being in dispute, and the general rule being that a plaintiff may sue without giving security, the motion was properly denied.

The order should therefore be affirmed, with costs. All concur.