## FAGAN v. STRONG.

*(Supreme Court, Special Term, New York County.  November, 1889.)*

PLEADING—SUFFICIENCY OF COMPLAINT—PLEADING STATUTE.

In an action for the alleged negligent killing of plaintiff's intestate, which occurred in New Jersey, the complaint alleged "that the laws of the state of New Jersey are similar to those of the state of New York, and give to the personal representatives of a deceased person a right of action in such cases, the same as provided for by the laws of this state."  *Held*, that this was only an averment of plaintiff's conclusion that the statutes of the two states were similar, and therefore that her complaint did not state facts sufficient to constitute a cause of action, within the requirement of Code Civil Proc. N. Y. § 481.

On demurrer to the complaint.

*W. W. Culver*, for plaintiff.   *F. F. Marbury*, for defendant.

[1]Not reported.

LAWRENCE, J.    Section 481 of the Code of Civil Procedure provides that the complaint must contain, among other things, a plain and concise statement of the facts constituting each cause of action, without unnecessary repetition.    The existence of a statute of another state is a fact which must be pleaded and proved, and it must appear that under the statute, if proven, a good cause of action exists in favor of the plaintiff against the defendant. *Thompson* v. *Ketcham*, 8 Johns. 146.    *Pomeroy* v. *Ainsworth*, 22 Barb. 118; *Dollfus* v. *Frosch*, 1 Denio, 367; *Monroe* v. *Douglass*, 5 N. Y 447.    And there is no presumption that the statutes of New York have been enacted in other states.    *Abell* v. *Douglass*, 4 Denio, 305; *Throop* v. *Hatch*, 3 Abb. Pr. 23.    It is now well established that an action is maintainable in this state by the personal representative of one whose death resulted from an injury received in another state, through the negligence of the defendant, where it appears that the laws of that state are similar to those of this state, giving to the personal representatives a right of action in such cases, and it is not essential that the statutes should be precisely the same.    *Leonard* v. *Navigation Co.*, 84 N. Y. 48.    In this case the action is brought by the administratrix of John P. Fagan, who is alleged to have been killed through the carelessness and negligence of the defendant at Seabright, in the state of New Jersey.    The only allegation in the complaint as to the law of New Jersey is: "*Third.* That the laws of the state of New Jersey are similar to those of the state of New York, and give to the personal representatives of a deceased person a right of action in such cases, the same as provided for by the laws of this state."    The defendant demurs to the complaint on the ground that it does not state facts sufficient to constitute a cause of action; the argument being that it is not sufficient for the plaintiff to state that the laws of the state of New Jersey are similar to those of this state, and give the same right of action to the personal representatives of a deceased person as is provided for by the laws of this state.

I think the demurrer is good.    It is not necessary, under the Code, to set out evidentiary facts, but enough must be stated to show existence of the resultant facts upon which the cause of action depends.    In this case the plaintiff does not state what the law of New Jersey is, except as a conclusion.    She avers that it is the same as that of New York.    It was her duty to go further, and state enough of the provisions of the statute of New Jersey to enable her adversary to take issue with her thereon, if necessary, and also to enable the court to determine whether the statutes of the two states are similar in purport and effect.    As was said in the court of appeals in *Debevoise* v. *Railroad Co.*, 98 N. Y. 378, in a case where the death from the alleged negligence of the defendant had occurred in New Jersey: "This right of action depends entirely upon statute law.    Such a right of action did not exist at common law.    There was no proof that the common law of New Jersey had been changed, or that any statute existed there authorizing an action to be maintained to recover damages against one who has negligently caused the death of another.    Our statute has no extraterritorial effect, and we cannot infer or presume that a similar statute exists in New Jersey.    *    *    *    The plaintiff was bound to show, both by his complaint and proofs, that he had the right, upon the law and the facts, to maintain his action; and this is a case, therefore, of the failure of facts to constitute a cause of action, both in the complaint and the proofs, and the defendant could take advantage thereof at the trial."

In that case it will be observed that there was no averment as to the law of New Jersey.    Is the case stated in the complaint in this action any stronger? It is not, to my mind.    There is, as above stated, only an averment of the plaintiff's conclusion that the statutes of the two states are similar.    I regard the case of *Throop* v. *Hatch*, 3 Abb. Pr. 23, as conclusive on this point.    In that case it was averred, in general terms, that certain trusts contained in a

declaration of trust, made for the benefit of the plaintiff and others, were, by the laws of the states of Ohio and Michigan, valid and subsisting trusts; but the general term of this department, ALLEN, J., delivering the opinion, held that, unless the trusts could be upheld without the aid of the laws of those states, the demurrer must be sustained, because the allegation of the complaint amounted to nothing more than an averment of the pleader, based—*First*, upon his knowledge of the existence of certain statutes; and, *second*, upon his construction of those statutes. There must be judgment for the defendant upon the demurrer, with leave to the plaintiff to amend on payment of costs.