(25 Civ. Proc. R. 23; 14 Misc. Rep. 78.)

RIDGWAY v. SYMONS.

(Supreme Court, Special Term, New York County. September 10, 1895.)

SECURITY FOR COSTS—ACTION BY RECEIVER.

A receiver will not be required to give security for costs in an action brought by him, unless he is without funds applicable to the payment of costs, and the action was brought in bad faith, or heedlessly, or without reasonable prospect of success.

Action by James Ridgway, as receiver, against Samuel Symons, as receiver. Plaintiff moves to vacate an order requiring him to give security for costs. Granted.

Gilbert R. Hawes, for plaintiff.

Goldfogle & Cohen, for defendant.

BEEKMAN, J. This is a motion to vacate an order requiring the plaintiff to give security for costs. The order was made ex parte. The granting of such an order against a receiver rests in the discretion of the court, and the power will be exercised, under well-settled principles, only where it appears, not only that the receiver is without funds applicable to the payment of costs, but also that the action has been brought in bad faith, or heedlessly, or without reasonable prospect of success. Bennett v. Goble, 43 Hun, 354; Rutherford v. Town of Madrid, 77 Hun, 545, 28 N. Y. Supp. 923; Hale v. Mason, 86 Hun, 499, 33 N. Y. Supp. 789. The plaintiff has brought this action by permission of the court. The charge that he has done so to harass and annoy the defendant is hardly sufficient upon which to base a finding of bad faith, in the absence of satisfactory evidence to that effect. Nor am I prepared to hold, upon the papers submitted to me, that the plaintiff has no reasonable prospect of success in the action. In view of the above considerations, the order should not have been granted.

But there is another objection which affects its validity. The application was necessarily made under section 3271 of the Code of Civil Procedure. An order under that section must be made by the court. It cannot be made by a judge. Code Civ. Proc. § 3272. The order in question was not a court order, and was therefore invalid. Motion granted, with costs to abide the event.