## BISCHOFF v. ENGEL et al.

(Supreme Court, Appellate Division, First Department. November 20, 1896.)

1. PLEADING—COMPLAINT—FAILURE TO EXPLAIN NONJOINDER OF PARTIES.
   Failure of a complaint to allege a reason why a certain person should not be joined as a party plaintiff does not affect the sufficiency of the cause of action alleged.

2. NECESSARY PARTIES—INTEREST IN CONTROVERSY.
   The widow of an administrator is not a necessary party to an action for an accounting against the sureties on the administrator's bond, where the estate represented by such administrator was that of his first wife.

3. EXECUTORS AND ADMINISTRATORS—ACTION ON BOND—WHEN LIES.
   The general rule that sureties on an administrator's bond are not liable until the default of their principal has been established before the surrogate does not apply where the administrator left the state immediately on obtaining possession of the assets, and died in another state, insolvent.

Appeal from special term, New York county.

Action by Fritz C. Bischoff against Jacob Engel and another. From an interlocutory judgment in favor of plaintiff, defendants appeal. Affirmed.

The action was brought by Fritz C. Bischoff, in his own behalf and for the benefit of all other heirs at law and next of kin of Theresa Bischoff, deceased, who shall see fit to come in, against the sureties upon an administrator's bond given by Fritz's father, who was also named Fritz C. Bischoff. The plaintiff is the son of Theresa Bischoff by this Fritz C. Bischoff, Sr. Theresa died in May, 1887, in the city of New York, where she had resided for some 11 years. Her husband thereupon obtained from the surrogate of the county letters of administration upon his wife's estate. Upon the receipt of these letters, Fritz C. Bischoff, Sr., gave the bond in suit. At that time Theresa had on deposit in the German Savings Bank upwards of $3,700, and shortly after the receipt by him of the letters of administration, namely, in the month of July, 1887, Fritz C. Bischoff, Sr., withdrew this money from the bank, and duly receipted for it as his wife's administrator. Thereupon this administrator departed from this state, taking with him all his property, and settled in the state of New Jersey, where he resided continuously until the time of his death, which occurred on the 17th day of July, 1894. The court at special term found these facts upon undisputed evidence. The court also found upon sufficient evidence that the administrator, in his lifetime, converted all the goods, chattels, and credits of Theresa Bischoff to his own use; that he died leaving no assets or property of any kind in this state; that his estate in New Jersey was of no greater value than $40, consisting only of a watch and some clothing; that the plaintiff has not been paid any part of the money received by the administrator; that the administrator never filed any account, inventory, or report of his proceedings; and that no orders or decrees in the matter of his administration have ever been made by the surrogate subsequent to the granting of the letters. Upon these facts the court at special term held that the sureties were liable, and directed an accounting, to ascertain for what part of the sum received by the administrator he was liable, after allowing all just credits and such amounts as may have beeen advanced or paid out for the use and benefit of the plaintiff. For his share of the balance found to be chargeable against the administrator upon such acccounting the plaintiff is then to have final judgment. From this interlocutory judgment, the defendants appeal.

Argued before VAN BRUNT, P. J., and BARRETT, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

John A. Kamping, for appellants.
Frank M. Hardenbrook, for respondent.

BARRETT, J. The defendants make a preliminary point that the complaint does not state facts sufficient to constitute a cause of action in failing to allege a reason why plaintiff's sister was not joined as co-plaintiff. The failure to make such an allegation might have had a bearing upon another question, viz. whether there was a defect of parties plaintiff. But it does not affect the sufficiency of the cause of action as alleged. The objection that the plaintiff's sister was not joined as co-plaintiff should have been taken by demurrer; and, not having been so taken, it was waived. The objection appeared plainly upon the face of the complaint, where the relationship and interest of this sister are distinctly averred. No objection was taken upon this head during the trial, nor was any suggestion made to the learned trial judge that a complete determination of the matters in controversy required the bringing in of this sister as a party to the action. The case was evidently tried upon the theory that the plaintiff was authorized to bring the action upon his own behalf, and for the benefit of all other heirs at law and next of kin who might come in. Whether this was a correct theory, we need not consider. It is sufficient upon this appeal to determine that the point now made by the appellants is untenable.

The defendants also claim that there is a misjoinder of parties, in that the representative of the deceased administrator should have been a party defendant; also his widow (he having married a second time). The widow, as such, had no possible interest in this controversy. She certainly can take no part of the first wife's estate. But it appears that she is also the legal representative of her husband, having been appointed his administratrix by a probate court in New Jersey long after the commencement of this action, and in fact shortly before the trial under review. Even if the trial court had suspended the proceedings, and required the plaintiff to bring the foreign administrator in, it is difficult to see how this could have been done. This court can exercise no jurisdiction over a foreign administrator, who is a nonresident of this state, and who is personally absent therefrom. Neither the representative nor the individual is subject to our judicial power. Again, the point that the action would not lie until a legal representative of the deceased administrator had been appointed and made a party defendant was not raised by the answer. The only defect of parties defendant set up in the answer is the omission of the widow individually.

The main point raised by the defendants is undoubtedly this: that no action can be maintained against the sureties until an accounting has been had against the deceased administrator or his personal representative, nor until that administrator or his personal representative has disobeyed some order or decree of the surrogate's court of this county touching the administration of the estate committed to his charge. This point is supported by the cases of Hood v. Hood, 85 N. Y. 561; Haight v. Brisbin, 100 N. Y. 219, 3 N. E. 74; Perkins v. Stimmel, 114 N. Y. 359, 21 N. E.

729; and French v. Dauchy, 134 N. Y. 543, 31 N. E. 1041. The general rule is now undoubtedly well settled that the sureties upon the bond of an executor or administrator are not liable until the default of their principal has been established before the surrogate. But exceptional circumstances may exist sufficient to warrant the interposition of a court of equity (without the prior establishment of this default), and to secure there the establishment of such default with—as a sequence—an appropriate judgment against the sureties. This was assumed in Hood v. Hood, supra, where Judge Rapallo said:

"Assuming that in a case where the statutory remedies upon the bond cannot be pursued a court of equity can interpose and establish a breach in some other manner, and give a remedy against the sureties without any order for the prosecution of the bond, all the authorities which have been cited agree that special circumstances must be shown establishing the necessity for the interposition of a court of equity; and that, if the legal remedies can be pursued, they alone can be resorted to."

The language of Judge Finch in Haight v. Brisbin, supra, is more direct and decisive:

"The plaintiff," said the learned judge, "insists that for this injury the surrogate can give no redress, and, therefore, to require his preliminary adjudication, would involve an impossible condition, and leave the injury inflicted without a remedy. If such a case should occur, equity would be quite sure to furnish a remedy."

The possibility of these exceptional circumstances was also recognized in French v. Dauchy, supra, where Judge Bradly said:

"No reason appears why such accounting could not and should not have been had preliminarily to the action against the sureties. And for that reason the order should be affirmed."

The present case furnishes an extreme example of the special circumstances which justify the interposition of a court of equity. Indeed, it is perfectly evident that, unless this action can be maintained, the sureties will permanently escape, and the persons for whose benefit and security the bond was given will be wholly remediless. It is clear that the surrogate has no jurisdiction to require any preliminary accounting. The administrator is dead, and his personal representative is without the jurisdiction. The administrator died in a foreign state, wholly insolvent. He left a watch and some clothing, worth perhaps $40; not enough probably to bury him decently. There is a suggestion that he left some real estate in New Jersey, but that suggestion is idle. He held some property there jointly with his second wife,—that is, in their joint names,—and upon his death the title vested in the survivor. Thus we have a case where the administrator has converted the entire estate to his own use, has squandered the proceeds of his conversion in a foreign state, has died there penniless, and has no personal representative subject to our jurisdiction. To require a preliminary accounting under such circumstances would be a mockery of justice. The surrogate of this county can neither appoint a personal representative of the deceased here, nor can he compel the personal representative, who has been appointed in the state of New Jersey, and who remains within that state, to come

here and account before him. Our surrogate might appoint an administrator of Theresa Bischoff's estate in place of the deceased administrator. But such administrator would only be liable to account for what came into his hands. He would not, like the administrator of the deceased administrator, be liable to account for what came into the latter's hands. We think, therefore, that the action in equity was properly brought, and that the relief granted was appropriate under the special circumstances disclosed. There was no error in the ruling as to the allowance of interest, nor do we find any substantial error in the record.

The interlocutory judgment appealed from should be affirmed, with costs. All concur.