SCHARMANN v. SCHOELL et al.

(Supreme Court, Appellate Division, First Department. December 10, 1897.)

1. ACTION—EXECUTOR'S BOND—COMPLAINT—LIABILITY OF SURETIES.

In an action by the sole creditor of a decedent against the sureties on the bond of the administratrix, the complaint alleged the giving of the bond, and its condition; that she received all the property of the estate, and converted it wholly to her own use; that plaintiff procured judgment against her, as administratrix, for his claim, which remains unpaid; and that she had either removed from the state, and remained beyond the jurisdiction, or kept herself concealed therein so that plaintiff is unable to obtain jurisdiction over her to compel her to account. *Held,* that the complaint stated facts sufficient to constitute a cause of action, and that the court had jurisdiction thereof, though the default of the administratrix has not been established before the surrogate.

2. SAME—PARTIES.

Where an administratrix has converted the property of an estate to her own use, and has left the state, or concealed herself so that service of process cannot be effected, it is unnecessary, in an action against the sureties on her bond, to join her as a party, and serve a summons on her by substituted service.

Patterson, J., dissenting.

Appeal from special term.

Action by Julius Scharmann against Frederick Schoell and others. From a judgment sustaining a demurrer to the complaint on the ground of a defect of parties, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Howard A. Sperry, for appellant.

Otto H. Droage, for respondents.

INGRAHAM, J. The action is brought to recover upon a bond given upon the appointment of one Sophia Froschle as administratrix of Gustave Froschle, deceased. The plaintiff is a creditor of the said deceased. The complaint alleges the death of the decedent, the appointment of the administratrix, and the giving of the bond, which was conditioned "that, if the above-bounden Sophia Froschle shall faithfully execute the trust reposed in her as administratrix of, all and singular, the goods, chattels, and credits of Gustave Froschle, late of the city of New York, deceased, and obey all lawful decrees and orders of the surrogate's court of the city and county of New York touching the administration of the estate committed to her, then this obligation shall be void, else to remain in full force and virtue," which said bond was joint and several in form, and, in terms, bound the legal representatives of the several parties thereto. The complaint further alleges "that since her appointment as aforesaid the said Sophia Froschle, as administratrix as aforesaid, has received from the several banks heretofore specified the amounts of money therein deposited, and has entered into possession of the real estate heretofore specified, belonging to the deceased"; that the said deceased owed no debts, except to this plaintiff's assignor, at the time of his decease; that, after having so received the said mon-

eys as aforesaid, the said Sophia Froschle did not faithfully administer the same, nor pay the debts of the said Gustave Froschle, deceased, nor distribute the same to the next of kin of the said deceased, nor invest the same, or any part thereof, but converted the same wholly to her own use, whereby the said bond was forfeited; that this plaintiff recovered a judgment against the said Sophia Froschle, as administratrix aforesaid, for the said debt of the said Gustave Froschle, deceased, for the sum of $2,020.50, no part of which has been paid; "that after so disposing of the property of the said estate, and converting the same to her own use, the said Sophia Froschle either removed from this state, and remains beyond the jurisdiction of its courts, or keeps herself concealed therein, so that the plaintiff is unable, by diligence of reasonable effect, to serve upon her process issuing out of the courts of this state, or in any other way get jurisdiction over the said Sophia Froschle for the purpose of compelling her to account as such"; that the said Sophia Froschle did nothing whatever regarding the said estate, except to collect the moneys due to the said Gustave Froschle, and to convert the said property into cash; that she failed to file at any time with the surrogate's court any inventory, report of her proceedings as such administratrix, or account as such, nor was any accounting ever had of her acts as such administratrix; and that the said Gustave Froschle left, him surviving, the said Sophia Froschle, his widow, but no next of kin or heirs at law. And the plaintiff asks for judgment that an account of the administration of Sophia Froschle, as administratrix of the estate of the said Gustave Froschle, deceased, be taken, and that whatever sum the said Gustave Froschle or his estate would have been liable to pay to the plaintiff, the sureties on the bond be adjudged to pay; and that any or all of the creditors or next of kin or representatives of deceased, next of kin or creditors, be allowed to come in and claim their respective distributive shares of whatever may be recovered in their behalf. The defendants admit the allegations of the complaint, by their demurrer, but allege as a ground of their demurrer that the court had not jurisdiction of the subject of the action; that there is a defect of parties defendant, in that Sophia Froschle, the administratrix of Gustave Froschle, deceased, was not made a party defendant to the action; and that the complaint does not state facts sufficient to constitute a cause of action.

The learned judge below held that the first and third grounds of demurrer were not well taken, but that the second ground, that there was a defect of parties defendant, was well taken, and sustained the demurrer on that ground. We agree with the learned court as to the first and third grounds of demurrer. This question was presented to this court in the case of Bischoff v. Engel, 10 App. Div. 243, 41 N. Y. Supp. 817. Mr. Justice Barrett, in delivering the opinion of the court there, says:

"The general rule is now undoubtedly well settled that the sureties upon the bond of an executor or administrator are not liable until the default of their principal has been established before the surrogate. But exceptional circumstances may exist, sufficient to warrant the interposition of a court of equity without the prior establishment of this default, and to secure there

the establishment of such default with, as a sequence, an appropriate judgment against the sureties."

It was there held that in a case where the administrator has converted the estate to his own use, has squandered the proceeds of his conversion in a foreign state, has died there penniless, and has no personal representatives subject to our jurisdiction, an action may be maintained in the supreme court without a preliminary accounting before the surrogate, and that a judgment directing an accounting to ascertain for what part of the sum he was liable, after allowing all just credits, and directing judgment for the sureties of the plaintiff against the sureties of the administrator for his share of the balance found to be chargeable against the administrator, was proper, and should be affirmed. The facts alleged in the complaint and admitted by the answer are brought directly within the principle of this case. Here it is alleged that the administratrix collected the moneys of the estate, and appropriated them to her own use, and has either absconded from the state, or keeps herself so concealed within this state that the plaintiff is unable to serve her with process issuing out of any of the courts of this state, or in any other way get jurisdiction over the said Sophia Froschle for the purpose of compelling her to account as such administratrix. These facts being admitted, no accounting before the surrogate was possible, except by removing the administratrix, and appointing another in her place; and as such administrator de bonis non would only be responsible for the property coming into his hands, and as the complaint alleges that the administratrix collected all of the property of the deceased, such administrator de bonis non would receive no property of the deceased, and an accounting against him would be a mere idle ceremony. Upon these allegations of the complaint, admitted by the demurrer, the surrogate's court could obtain no jurisdiction of the person of the administratrix, to compel an accounting. The allegation, which is admitted, is that, in consequence of the disappearance of the said administratrix, the plaintiff is unable, by diligence of reasonable effect, to serve upon her process issuing out of any of the courts of this state, or in any other way to get jurisdiction over the said Sophia Froschle for the purpose of compelling her to account as such administratrix. This is a fact alleged and admitted, and, in the absence of any property upon which a judgment of this court could act, it is quite clear that no judgment against the administratrix, after service of process upon her by publication, or by substituted service, would be of any advantage to the plaintiff. In the case of Schwinger v. Hickok, 53 N. Y. 285, Andrews, J., in delivering the opinion of the court, says:

"The jurisdiction to proceed by publication against a nonresident citizen attaches only when he has property in the state, or the suit has relation to property therein in which he has or claims an interest. The legislature could perhaps have declared that judgment obtained against a nonresident upon service by publication might be enforced against all property of the defendant within the state. Such a judgment would be in rem, and would impose no personal liability upon the defendant. The statute under which publication in this case was made does not undertake to make the judgment obtained in the proceedings a general lien upon the property of the defendant."

See, also, McKinney v. Collins, 88 N. Y. 220, and Bank v. Parent, 134 N. Y. 530, 31 N. E. 976. In Bryan v. Publishing Co., 112 N. Y. 385, 19 N. E. 825, the court say:

"Unless a cause of action arises within the state, or the defendant has property therein, and the court has jurisdiction over the subject of the action, neither the person nor property of a defendant could be affected by any judgment the court might render. He could neither be punished for contempt in failing to obey its order, nor his estate be sold by reason of it. The jurisdiction of the court is limited by the boundaries of the state, and its process could not go beyond them. * * * The court can give no relief, and the impropriety of issuing an order, which, if it leads to a judgment, 'would operate on nothing in the state, and be regarded by nobody out of it,' becomes apparent. It offends every principle by which the jurisdiction of a court can be vindicated, and should not be allowed to stand."

While here the cause of action arose within the state, the appropriation by the administratrix of all the property of the deceased, and her absconding from the state, or keeping herself so concealed therein that no service of process can be made upon her personally, would prevent the plaintiff from recovering a judgment against her which could be enforced in any way that would aid the defendants. Making her a party to such an action, and serving a summons upon her, by substituted service, could result in no judgment that could be of any practical use, and would seem to be an idle ceremony.

We think, therefore, that the judgment sustaining the demurrer should be reversed, and judgment entered overruling the demurrer, with leave to the defendant to answer within 20 days, upon payment of the costs in the court below and in this court.

VAN BRUNT, P. J., and WILLIAMS, J., concur. PATTERSON, J., dissents.

O'BRIEN, J. (concurring). One of the essential facts upon which the action must be predicated is the inability to serve the administrator or administratrix. If it should be held that the administratrix here was a necessary party, then this action could not be maintained; for it would presuppose that she could be brought within the jurisdiction of the court by some kind of service; and, if she could, then an accounting could be compelled, and a direct action against the bondsmen in the first instance would not lie. To repeat, therefore, it is because she cannot be brought within the jurisdiction and compelled to account that this action is permissible, and it would defeat such an action to hold that she was a necessary party. I therefore concur in the conclusion reached by Mr. Justice INGRAHAM.