(29 Civ. Proc. R. 59.)

### DUNNE v. AMERICAN SURETY CO.

(Supreme Court, Special Term, New York County. February 1, 1899.)

1. NONRESIDENT ADMINISTRATORS—SECURITY FOR COSTS—EX PARTE ORDERS.

An order requiring an administrator, who is a nonresident, to give security for costs, may be granted ex parte, though the order could not be demanded as a matter of right, being addressed to the court's discretion, under Code, § 3271.

2. SAME.

A nonresident prosecuting an action, as an administrator appointed within the state, in good faith and with reasonable prospect of success, should not be required to give security for costs, though the estate may be insufficient to satisfy a judgment for costs.

Action by one Dunne, as administrator, against the American Surety Company. Plaintiff moves for the vacation of an order requiring him to give security for costs. Granted.

Thompson & Maloney, for the motion.

Henry C. Willcox (Daniel J. M. O'Callaghan, of counsel), opposed.

BISCHOFF, Jr., J. Plaintiff, a nonresident, brought this action in his representative capacity, as an administrator appointed within the state, and a court order for security for costs was procured (ex parte) by the defendant. The motion is to vacate that order. That the order was granted ex parte does not present a ground of invalidity. True, it was not to be demanded as of right, under section 3268 of the Code, since the plaintiff's nonresidence was not material, the action being brought by him as administrator (McDougal v. Gray, 15 Civ. Proc. R. 237, 4 N. Y. Supp. 74; Hall v. Waterbury, 5 Abb. N. C. 356); and the matter was addressed to the discretion of the court, under section 3271. In such a case, the order must be a court order (Code, § 3272; Ridgway v. Symons, 14 Misc. Rep. 78, 35 N. Y. Supp. 197), as this order was, but it may be made without notice, and still be valid as a matter of law (Churchman v. Merritt, 50 Hun, 270, 2 N. Y. Supp. 843). Upon the merits, however, I think that security should not be required, the action being evidently brought in good faith, and not without announced authority. See Bischoff v. Engel, 10 App. Div. 240, 41 N. Y. Supp. 815; Scharmann v. Schoell, 23 App. Div. 398, 48 N. Y. Supp. 306. The fact that the plaintiff is a nonresident is not a ground for this order, as I have said, since he is not chargeable personally for costs except in event of his misconduct (cases supra); nor is security to be called for merely upon the ground that the estate might be insufficient to satisfy a judgment for costs, where the action is not without merit, and is prosecuted with a reasonable prospect of success. Rutherford v. Town of Madrid, 77 Hun, 545, 28 N. Y. Supp. 923; Fagan v. Strong, 19 Civ. Proc. R. 88, 11 N. Y. Supp. 766.

Motion to vacate granted, with $10 costs.