SCHARMANN v. SCHOELL et al.

(Supreme Court, Appellate Division, Second Department. March 7, 1899.)

1. ADMINISTRATOR'S BOND—EQUITABLE ACTION AGAINST SURETY.
    A judgment against an administrator as such is insufficient as a basis of an equitable action to charge the surety on his bond with liability, where no disobedience of any mandate issued by the surrogate, or the impossibility of invoking the statutory remedies applicable to surrogates' courts, is shown.

2. SAME—SURROGATES—SUBSTITUTED SERVICE OF PROCESS.
    The jurisdiction of the surrogate to compel the administrator to account, on a due proceeding, is not lost by the administrator's absconding from the state, or his concealment with intent to avoid the service of the citation, since Code Civ. Proc. § 2521, authorizes the surrogate to order a substituted service of process as if he were a judge of a court of record.

Appeal from special term, New York county.

Action by Julius Scharmann against Frederick Schoell and others. From a judgment dismissing the complaint, plaintiff appeals. Transferred from First to Second department. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Howard A. Sperry, for appellant.
Otto H. Droege, for respondent Schoell.
Edward Goldschmidt, for respondents Foley.

HATCH, J. This is an equitable action brought to charge the defendant Schoell with liability as surety upon a bond given by Sophia Froeschle, as administratrix of her husband's estate. Demurrer was interposed to the complaint, which was overruled by the appellate division in the First department, and leave given to answer. Scharmann v. Schoell, 23 App. Div. 398, 48 N. Y. Supp. 306. The com-

plaint must therefore be regarded by us as stating a good cause of action. This decision proceeded upon the ground that as the complaint averred that the administratrix had collected moneys of the estate, had converted them to her own use, and had absconded from the state, or kept herself concealed therein to avoid the service of process, the plaintiff was unable to make service of any process issuing out of any of the courts of this state, and could not in any other way obtain jurisdiction of the person of the administratrix, and thereby compel her to account for the trust funds of the estate. By the demurrer, this averment was admitted. The court treated it as an allegation of fact, and upon that ground overruled the demurrer. Upon the present trial it was made to appear by undisputed proof that this averment was not founded in fact. On the contrary, it was shown that the administratrix had not been out of the state, but had at all times openly resided within the jurisdiction of the court, and could at any time have been called to account before the surrogate. Upon these facts appearing, the court dismissed the complaint.

It is well settled that no action at law can be maintained to enforce an administrator's bond, unless based upon some disobedience of the order of the surrogate; and no action in equity will lie which disregards statutory requirements if resort may be had to such remedies. Hood v. Hood, 85 N. Y. 561; French v. Dauchy, 134 N. Y. 543, 31 N. E. 1041. There are exceptions to this rule, but they can only be invoked under peculiar circumstances and in extreme cases. Bischoff v. Engel, 10 App. Div. 240, 41 N. Y. Supp. 815. The exception is never possible where it appears that the administrator was at all times within the jurisdiction of the court, and might have been proceeded against by recognized process issuing from the surrogate's court. In the present case the plaintiff proceeded against the administratrix personally in an action at law, and, making proof of inability to effect service of process upon the person, procured an order for substituted service, and, in default of appearance, procured his judgment. For present purposes we may treat the order for substituted service as having been made upon proof sufficient to uphold it, and also treat the judgment as regularly entered. But this is not sufficient upon which to base an equitable action seeking to charge the surety with liability, as it is not made to appear that there has been any disobedience of any mandate issuing from the surrogate, or that the statutory remedies applicable to surrogates' courts could not have been invoked. It is clear upon the present facts that the plaintiff might have proceeded against the administratrix in the surrogate's court. He was entitled to institute a proceeding, and procure the issuance of a citation compelling her to account. If she had absconded from the state, or kept herself concealed therein, with the intent to avoid the service of such process, the surrogate was not thereby deprived of jurisdiction. The surrogate's court was authorized, upon proper proof, to issue an order directing substituted service of process, as it possessed ample powers in this respect. Section 2521 of the Code of Civil Procedure confers the same authority upon the surrogate as is possessed by a judge of a court of record. Upon service of a citation, made as provided by this section, the court would

have acquired jurisdiction of the person, and would have been authorized to make any order which the proof upon the hearing showed to be proper. Such adjudication and order, if not complied with, would have furnished the required basis for an action against the sureties upon the bond. Hunt v. Hunt, 72 N. Y. 217; Burton v. Burton, 45 Hun, 68; Bank v. Thurber, 74 Hun, 632, 26 N. Y. Supp. 956. None of these statutory steps having been complied with, and it being undisputed that the administratrix was at all times within the jurisdiction of the court, there remains no basis for the maintenance of this action. The plaintiff insists that his judgment is conclusive, and cannot be attacked in this action. Assuming this in his favor, it by no means follows that, because his judgment may not be attacked, he is therefore entitled to recover. His right to recover against the surety is based upon the failure of the principal to obey some proper mandate of the surrogate's court, or that such circumstances exist as precluded the plaintiff from obtaining any practical relief by proceeding before the surrogate. As to the former, there was no mandate which was disobeyed, or any mandate at all. As to the latter,. the circumstances proved excluded the assumption that there could be no relief in the surrogate's court.

It follows that the judgment should be affirmed, with costs. All concur.