per week during the pendency thereof for the support of herself and the two children of the marriage. The counsel fee may be paid in weekly installments of $3 each. Settle order on notice.

---

### CAHN v. SUGENHEIMER.

(Supreme Court, Special Term, New York County. April, 1899.)

ACTIONS BY RECEIVERS—SECURITY FOR COSTS.

A receiver bringing action by leave of court will not be required to give security for costs on the ground that he has no funds in his hands, unless it is shown that the action was brought heedlessly or in bad faith, or that success is improbable.

Action by one Cahn, as receiver, against one Sugenheimer. Defendant moves for security for costs. Denied.

Blumenstiel & Hirsh (Emanuel Blumenstiel, of counsel), for the motion.

S. Morrill Banner, opposed.

GIEGERICH, J. The application is based solely upon the ground that the receiver has no funds in his hands. Under the authorities this is insufficient to authorize the granting of an order requiring him to give security for costs. Such an order rests in the discretion of the court, and the power will not be exercised, unless in addition to the fact of insolvency it is shown that the action has been brought heedlessly or in bad faith, or that it is improbable that the plaintiff will succeed. Hale v. Mason, 86 Hun, 499, 33 N. Y. Supp. 789; Ridgway v. Symons, 14 Misc. Rep. 78, 35 N. Y. Supp. 197.

The present action was brought by leave of court, and, there being no charge of bad faith on the part of the receiver, the motion should be denied, with $10 costs.

---

(27 Misc. Rep. 120.)

### PODMORE v. SOUTH BROOKLYN SAV. INST.

(Supreme Court, Special Term, New York County. April 11, 1899.)

ACTIONS BY ADMINISTRATORS—SECURITY FOR COSTS.

An administrator prosecuting an action in good faith, and with reasonable prospect of success, will not be required to give security for costs on the ground that the estate is without assets.

Action by John Podmore, administrator of the estate of Annie Podmore, deceased, against the South Brooklyn Savings Institution. Defendant moves for security for costs. Denied.

Arnold & Green, for the motion.

Hymes, Woytisek & Schaap, opposed.

GIEGERICH, J. In view of the affidavits filed in support of the plaintiff's proceedings in the surrogate's court, I am inclined to believe that the action is prosecuted with a reasonable prospect of success, and that a substantial issue exists as to the validity of the pay-

ment made by defendant in recognition of the claim of a gift causa mortis. It appears that the plaintiff has brought the action in good faith, and, under the authorities, the fact that the estate is without assets is not alone sufficient to call for an order for security for costs. Rutherford v. Town of Madrid, 77 Hun, 545, 28 N. Y. Supp. 923; Hale v. Mason, 86 Hun, 499, 33 N. Y. Supp. 789; Brown v. Dean, 83 Hun, 613, 31 N. Y. Supp. 1126; Fagan v. Strong, 19 Civ. Proc. R. 88, 7 N. Y. Supp. 919; Sullivan v. McManus, 12 N. Y. Law J. 297; Ridgway v. Symons, 14 Misc. Rep. 78, 35 N. Y. Supp. 197; Cahn v. Sugenheimer (Sup.) 57 N. Y. Supp. 406.

For these reasons, the motion to compel the administrator to give security for costs is denied.