JULIUS SCHARMANN, Appellant, *v.* FREDERICK SCHOELL and CHARLES V. T. FOLEY and JOHN A. FOLEY, as Executors, etc., of ARTHUR M. FOLEY, Deceased, Respondents.

*Action to charge a surety upon the bond of an administratrix — when a judgment in an action at law based upon a substituted service upon the administratrix will not sustain it — a surrogate may direct substituted service of a citation upon an administratrix.*

A judgment obtained by default in an action at law against an administratrix, upon substituted service under an order obtained upon making proof of inability to effect personal service, is not a sufficient basis for an action in equity to charge the sureties upon the administratrix's bond, where it does not appear that the administratrix has disobeyed any mandate of the surrogate, or that practical relief could not be had in proceedings before the surrogate.

When substituted service of a citation upon an administratrix is made under section 2521 of the Code of Civil Procedure, the Surrogate's Court acquires jurisdiction of the person of the administratrix, and an adjudication and order made in the proceeding will, if not complied with, furnish a basis for an action against the sureties upon the bond.

APPEAL by the plaintiff, Julius Scharmann, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 17th day of May, 1898, upon the decision of the court rendered after a trial at the New York Special Term dismissing the complaint.

This appeal was transferred from the first department to the second department.

*Howard A. Sperry*, for the appellant.

*Otto H. Droege*, for the respondent Schoell. ·

*Edward Goldschmidt*, for the respondents Foley. .

HATCH, J.:

This is an equitable action brought to charge the defendant Schoell with liability as surety upon a bond given by Sophia Froeschle as administratrix of her husband's estate. Demurrer was interposed to the complaint, which was overruled by the Appellate Division in the first department, and leave given to answer. (*Scharmann* v. *Schoell*, 23 App. Div. 398.) The complaint must, therefore, be regarded by us as stating a good cause of action. This decision proceeded upon the ground that as the complaint averred that the administratrix had collected moneys of the estate, had converted them to her own use, and had absconded from the State, or kept herself concealed therein to avoid the service of process, the plaintiff was unable to make service of any process issuing out of any of the courts of this State, and could not, in any other way, obtain jurisdiction of the person of the administratrix and thereby compel her to account for the trust funds of the estate. By the demurrer this averment was admitted, the court treated it as an allegation of fact, and upon that ground overruled the demurrer. Upon the present trial, it was made to appear by undisputed proof that this averment was not founded in fact; on the contrary, it was shown that the administratrix had not been out of the State, but had, at all times, openly resided within the jurisdiction of the court, and could at any time have been called to account before the surrogate. Upon these facts appearing, the court dismissed the complaint.

It is well settled that no action at law can be maintained to enforce an administrator's bond unless based upon some disobedience of the order of the surrogate, and no action in equity will lie which disregards statutory requirements if resort may be had to such remedies. (*Hood* v. *Hood*, 85 N. Y. 561; *French* v. *Dauchy*, 134 id. 543.) There are exceptions to this rule, but they can only be invoked under peculiar circumstances and in extreme cases. (*Bischoff* v. *Engel*, 10 App. Div. 240.) The exception is never possible where

it appears that the administrator was at all times within the jurisdiction of the court, and might have been proceeded against by recognized process issuing from the Surrogate's Court.

In the present case the plaintiff proceeded against the administratrix personally in an action at law, and, making proof of inability to effect service of process upon the person, procured an order for substituted service, and in default of appearance procured his judgment. For present purposes, we may treat the order for substituted service as having been made upon proof sufficient to uphold it and also treat the judgment as regularly entered. But this is not sufficient upon which to base an equitable action seeking to charge the surety with liability, as it is not made to appear that there has been any disobedience of any mandate issuing from the surrogate, or that the statutory remedies applicable to Surrogates' Courts could not have been invoked. It is clear upon the present facts that the plaintiff might have proceeded against the administratrix in the Surrogate's Court. He was entitled to institute a proceeding and procure the issuance of a citation compelling her to account. If she had absconded from the State, or kept herself concealed therein with the intent to avoid the service of such process, the surrogate was not thereby deprived of jurisdiction. The Surrogate's Court was authorized, upon proper proof, to issue an order directing substituted service of process, as it possessed ample powers in this respect. Section 2521 of the Code of Civil Procedure confers the same authority upon the surrogate as is possessed by a judge of a court of record. Upon service of a citation, made as provided by this section, the court would have acquired jurisdiction of the person and would have been authorized to make any order which the proof upon the hearing showed to be proper. Such adjudication and order, if not complied with, would have furnished the required basis for an action against the sureties upon the bond. (*Hunt* v. *Hunt*, 72 N. Y. 217; *Burton* v. *Burton*, 45 Hun, 68; *Continental Nat. Bank* v. *Thurber*, 74 id. 632.) None of these statutory steps having been complied with, and it being undisputed that the administratrix was at all times within the jurisdiction of the court, there remains no basis for the maintenance of this action. The plaintiff insists that his judgment is conclusive and cannot be attacked in this action. Assuming this in his favor, it by no means follows that

because his judgment may not be attacked he is, therefore, entitled to recover. His right to recover against the surety is based upon the failure of the principal to obey some proper mandate of the Surrogate's Court, or that such circumstances exist as precluded the plaintiff from obtaining any practical relief by proceeding before the surrogate. As to the former, there was no mandate which was disobeyed, or any mandate at all; as to the latter, the circumstances proved excluded the assumption that there could be no relief in the Surrogate's Court.

It follows that the judgment should be affirmed, with costs.

All concurred.

Judgment affirmed; with costs.