(35 Misc. Rep. 552.)

### YATES v. THOMAS et al.

(Supreme Court, Special Term, New York County. July, 1901.)

1. TESTAMENTARY TRUSTEE—LIABILITY OF BONDSMEN.

A testamentary trustee, on default in an accounting, was removed, and a successor appointed. The original trustee thereafter never came within the jurisdiction of the state nor had any property therein. *Held*, that the substituted trustee could sue the sureties of the original trustee to recover so much of the fund as did not belong to the defaulting trustee.

2. SAME—TERMINATION OF TRUST.

Where a will created a trust, and provided that on the death of the life beneficiary the property should be divided, the death of the beneficiary did not terminate the trust, no division having been made.

3. SAME—ACTION ON BOND.

In an action against the sureties of a trustee of a fund, plaintiff need not show affirmatively that the trustee had never paid over the fund.

4. SAME—EVIDENCE.
   In an action against the sureties of a trustee, admission of the trustee, before her removal from office, that she had received the fund, is admissible.

Action by Jerome Yates, substituted testamentary trustee, against William M. Thomas and John E. Cronly. Judgment for plaintiff.

Frank B. Colton, for plaintiff.
Deyo, Duer & Bauerdorf, for defendant Thomas.

CLARKE, J. One Margaret Lintz, by her last will and testament, bequeathed one-fourth of her residuary estate to her executors, in trust to invest the same and keep it invested at interest on such security as they should deem prudent and safe, to collect the income, and apply it to the use of John Stickler Lintz during his life, and upon and after his death to pay and divide said "equal fourth part or share of the proceeds of my estate to and among the same persons and in the same proportions as I have hereinafter directed with respect to the remaining three-fourth parts or shares thereof." On May 7, 1885, Mary Emma Cronly was appointed by the surrogate of New York county sole trustee under said will, with full power to execute and perform all the duties as trustee thereunder, and was directed to file a bond, with two sureties, in $5,000. On the same date the said Mary Emma Cronly, as principal, and William M. Thomas and John E. Cronly, as sureties, executed and acknowledged their joint and several bond to the people of the state of New York in the sum of $5,000, conditioned "that, if the above-bounden Mary Emma Cronly shall faithfully discharge the trust reposed in her under the will of Margaret Lintz, deceased, as trustee for John S. Lintz, and obey all lawful decrees and orders of the surrogate's court of the county of New York, or any other court of jurisdiction, touching the administration of the trust fund committed to her, then this obligation to be void; otherwise, to remain in full force and virtue." This bond was duly approved and filed May 8, 1885. By a decree of the surrogate's court of May 8, 1885, on the accounting by Elizabeth A. Lintz, administratrix of said Margaret Lintz, it was ordered "that said administratrix pay to Mary Emma Cronly, the trustee duly appointed by the surrogate of New York county, under the last will and testament of said Margaret Lintz, under an order made and entered by said surrogate on May 7, 1885, the sum of $5,000 in full for the share or portion set apart under the last will and testament of said Margaret Lintz for the benefit of said John S. Lintz during his lifetime." John Stickler Lintz, the annuitant, died in March, 1894. On February 23, 1895, an order of the surrogate was made and filed, upon petition, citation, proof of service without the state, and appearance, directing that "Mary Emma Cronly, who was appointed to execute the trust created by the last will and testament of Margaret Lintz, deceased, render and file an account of her proceedings as such testamentary trustee on or before Thursday, February 28, 1895, at 10:30 o'clock a. m., at the said surrogate's court in the county court house in the city of New York." She did not obey said order, and has never filed any account. On January 21, 1896,

an order was made and filed by the surrogate, upon petition, citation, and notice of appearance, removing said Mary Emma Cronly from her said trust, revoking her letters, and directing her to at once deposit in court the property and funds of the trust remaining unadministered by her. On December 5, 1900, an order was duly made by the surrogate appointing Jerome Yates sole trustee of the unexecuted trust created by said will, as successor to Mary Emma Cronly. For some time prior to January 1, 1894, and ever since, Mrs. Cronly has been continuously, with her husband, John E. Cronley, a resident of East Orange, N. J. Unsuccessful attempts have been made during that time, on behalf of parties interested in the trust estate, to find her in this state to serve papers on her here, and also to discover property belonging to her located in New York. This is an action brought by the substituted trustee appointed by the surrogate against the sureties on Mrs. Cronly's bond "to ascertain and determine the amount due to said trust estate from said Mary Emma Cronly, late trustee, and that, when said amount shall be so determined, the defendants may be adjudged to pay the same to plaintiff for the benefit of said trust estate." Defendant Cronly is in default, and defendant Thomas alone defends.

Trusts of personal property may be created for any lawful purpose, and are not, in respect either of the mode or purpose of their creation, within the statute of uses and trusts. In re Carpenter, 131 N. Y. 86, 29 N. E. 1005. The legal title will remain in the trustee until the purposes of the trust are accomplished, and until the possession of the property is in some way transferred to the person entitled to the use. Perry, Trusts, § 311. The claim by defendant, as made in the case at bar, is that, inasmuch as the annuitant died in 1894, the trust then and there ceased and determined, and that, as the remainder-men were then entitled to an immediate delivery of the corpus, there was no unexecuted trust over which the surrogate had jurisdiction, and for which he could appoint a trustee; that the trustee so appointed has no capacity to sue in this action, the remedy, if any, being by suit by the persons entitled to the corpus of the estate on the death of the annuitant. But under the terms of the will creating the trust it was not only to pay over the income during his life to the beneficiary named, but also "upon and after his death to pay and divide the said equal fourth part or share among the same persons and in the same proportions as thereinafter directed with respect to the other three parts or shares." As this provision has not been complied with, the trust is still unexecuted, and the surrogate had power, therefore, under section 2818 of the Code of Civil Procedure, to appoint plaintiff as successor to Mary Emma Cronly, the removed testamentary trustee. "When a sole testamentary trustee * * * is by a decree of the surrogate's court removed, * * * and the trust has not been fully executed, the same court may appoint his successor." The serious point, as contended for by defendant, is that the entry of a decree against the trustee for a fixed sum, and execution issued thereon and returned wholly or partly unsatisfied, are conditions precedent to an action on the bond by a party in interest. The general rule is, indeed, well settled that the

sureties upon the bond of an executor or administrator are not liable until the default of their principal has been established before the surrogate. But the answer to that proposition in the case at bar is twofold. First, the default of the principal before the surrogate has been judicially established. The condition of the bond was, among other things, that the principal should obey all lawful decrees and orders of the surrogate's court touching the administration of the trust fund committed to her. In appropriate proceedings she was ordered to file a final account. She refused and neglected so to do. For the disobedience of this order she was removed from office. So that her default has been established. Second, as stated by Mr. Justice Barrett, in Bischoff v. Engel, 10 App. Div. 243, 41 N. Y. Supp. 815: "Exceptional circumstances may exist sufficient to warrant the interposition of a court of equity (without the prior establishment of this default), and to secure there the establishment of such default with, as a sequence, an appropriate judgment against the sureties." In the case at bar the removed testamentary trustee has for years resided without the jurisdiction of this state. She has refused to obey the orders of the surrogate's court which appointed her. She cannot be served with any process within this state, and has no property here. She has refused to account, and for such refusal has been removed. If this court has no power in the premises, it would seem as if the people entitled to the ultimate enjoyment of this trust estate were remediless. The testamentary trustee only obtained possession of the property by virtue of the order of our surrogate's court and the giving of the bond in suit. Having obtained the order, given the bond, and received the money, she goes to a foreign jurisdiction, remains there, appropriates the fund to her own use, and declines to account. It does not seem to me that, because an accounting cannot be had, and an execution is not issued against this nonresident, the bondsman, whose act in going on the bond made possible this disposition of the fund, should be relieved of liability. Upon the authority of Bischoff v. Engel, 10 App. Div. 240, 41 N. Y. Supp. 815; Scharmann v. Schœll, 23 App. Div. 398, 48 N. Y. Supp. 306; Otto v. Van Riper, 31 App. Div. 278, 52 N. Y. Supp. 773, affirmed in 164 N. Y. 536, 58 N. E. 643,—I am constrained to hold that the exceptional circumstances exist in this case which do away with the necessity for a final accounting and a decree thereon in the surrogate's court. The cases cited were none ot them cases involving testamentary trustees. Defendant claims that, inasmuch as section 2607 of the Code includes executors, administrators, testamentary trustees, and guardians, while section 2608, where authority is given to the successor to prosecute the official bond, does not enumerate testamentary trustees, therefore section 2607 is the only provision applying, and that the issuance and return of an execution from the surrogate's court is a condition precedent to the right of action. I cannot so construe the statute. The sections are all in article 5: "Provisions relating generally to letters; and generally to executors, administrators, guardians, and testamentary trustees." The sections follow each other, and have to do with the same subject-matter, and the reasons for the provision in the one case are the same as in the

other. I have no doubt but that, when a testamentary trustee has been appointed upon giving a bond, and has been removed, and his successor appointed, that successor may sue precisely as if he had been an administrator or guardian; else what is the purpose of the bond?

It is also contended by the defendant that no proof has been made that the removed trustee has not paid over the trust estate to the substituted trustee or the remainder-men. The money being in her hands, it was her duty to pay it over. The presumption is that she did not, and to escape liability that presumption should be rebutted by proof that she did. The general rule is that the party indebted must seek the creditor. Dayton v. Johnson, 69 N. Y. 426.

It appears that the removed testamentary trustee received $5,000 as the trust estate, and, as she was authorized only to pay the income thereof to the annuitant during his life, it must be presumed, in the absence of any accounting, that she is chargeable with the full amount, with interest thereon from the death of the annuitant. But it also appears in evidence that she was one of the four remainder-men, and therefore entitled to one-fourth of said sum, amounting to $1,250, leaving the amount payable by the defendants $3,750. Judgment ought, therefore, to be allowed for said amount, with interest; said sum not to exceed the penalty of the bond.

Certain questions as to the admission of evidence were reserved upon the trial. The motion to strike out the witness Colton's testimony as to the admission made by Mrs. Cronly to him of the receipt of the fund of $5,000 is denied, as said admission was made before her removal, and while she was still the trustee of an unexecuted trust. The motion to strike out the testimony of the same witness in regard to statements made by John E. Cronly is granted.

Ordered accordingly.